Kunkle, J.
Plaintiff in error, Raphael W. Miller, a physician, was jointly prosecuted with one Ashur Miller, a druggist. They were charged “With unlawfully and knowingly selling and furnishing unto one Stella Rogers on September 13th, 1916, a quantity of morphine, to-wit 7\ grains thereof, said sale and furnishing of morphine aforesaid not then and there being upon an original or written prescription of a physician, dentist or veterinary surgeon duly licensed under the laws of Ohio, issued in prescribing for said Stella Rogers for actual and necessary purposes in the proper practice of their respective professions,” etc.
*172 Ashur Miller was acquitted by the jury. Plaintiff in error was convicted in the municipal court of Cincinnati as he stood charged in the affidavit, and sentenced to pay a fine of $500 and to serve three months in the county jail.
Error was prosecuted to the court of common pleas, which court affirmed the judgment of the municipal court.
Error is prosecuted to this court from the judgment of the court of common pleas affirming the judgment of the municipal court.
Various errors are assigned in the petition in error and also in the brief of counsel for plaintiff in error.
The affidavit above referred to was based upon Section 12672, General Code, which provides:
“Section 12672. Whoever sells, barters, furnishes or gives away, directly or indirectly, * * * any quantity of * * * morphine, * * * except upon the original written prescription of a physician, dentist, or veterinary surgeon duly licensed under the laws of this state, when prescribing for their patients for actual and necessary purposes in the proper practice of their respective professions, * * * shall be .fined not less than twenty-five dollars, nor more than five hundred dollars, or imprisoned in the county jail not less than thirty days or more than six months, or both * * * at the discretion of the court.”
The sufficiency of the affidavit in the case at bar has been challenged by motion and demurrer upon the ground that the statute upon which the prosecution is based is indefinite, uncertain and unconstitutional.
*173 It is conceded that the affidavit contains the essential features of the statute governing such cases, but it is claimed that the statute is void for the reasons above suggested.
The principal objection to the statute relates to the following clause thereof, namely:
“When prescribing for their patients for actual and necessary purposes in the proper practice of their respective professions.”
It is urged with considerable force that this clause is too indefinite and uncertain to support a criminal charge.
The constitutionality of the federal act of December 17, 1914, known as the Harrison Narcotic Drug Act has been upheld by the supreme court of the United States in the case of United States v. Doremus, 249 U. S., 86.
The case of Webb et al. v. United States, Id., 96, was also decided by the supreme court of the United States upon the same day that the Doremus case was decided and involved a construction of the same act.
The act was also upheld by the United States supreme court in that case.
Section 12672, General Code, is framed upon the same general lines as the Harrison Narcotic Drug Act, but is somewhat broader in certain respects.
We think the principal feature of the Ohio act, which was not involved in the federal act above referred to, is the clause in relation to the “proper practice of their respective professions.”
We have carefully considered the authorities cited by counsel in their exhaustive .briefs, upon the constitutionality of Section 12672, General Code, *174 and without undertaking to discuss these .authorities in detail will state that our examination thereof has led us to the conclusion that the provisions of Section 12672, in so far as the same are involved in the present prosecution, are constitutional.
The latest expression of our supreme court upon the constitutionality of a statute somewhat similar to the one involved in this case is found in the case of State v. Schaeffer, 96 Ohio St., 215. The Schaeffer case involved the construction of Section 12603, General Code, relating to the operation of automobiles. This section makes it an offense to operate an automobile “At a speed greater than is reasonable or proper, having regard for width, traffic, use and the general and usual rules of such road or highway, or so as to endanger the property, life or limb of any person.”
It was claimed in the Schaeffer case that the words “reasonable” and “proper” were so general, comprehensive and variable that it would be impossible for a person to know, or for the jury to fairly determine what did and what did not constitute a violation of the statute; that one jury might hold a speed to be reasonable while the same speed under similar circumstances might be held by another jury to be unreasonable. In the case at bar it is also urged with considerable force that one jury might find it “proper practice” to treat a person addicted to the use of morphine by the reduction method of treatment, whereas another jury might find the proper practice to consist of the withdrawal of all morphine from the patient. The supreme court held in the Schaeffer case that .Section 12603, General Code, was as definite and cer *175 tain on the subject-matter and the numerous situations arising thereunder as the nature of the case and the safety of the public would reasonably admit.
Applying the reasoning in the Schaffer case to the case at bar we are inclined to think that Section 12672, General Code, is constitutional, and that the provision referred to is not so uncertain or indefinite that a criminal prosecution cannot be based thereon.
Various rulings made during the progress of the trial are also complained of.
The principal objections urged by counsel for plaintiff in error, and which were made during the trial of the case, relate to the introduction of evidence, the charge of the trial court, and the refusal of the trial court to give certain special instructions requested by counsel for plaintiff in error.
We have carefully considered the special charges requested by counsel for plaintiff in error and refused by the trial court.
Several of the special charges which were given by the trial court, at the request of plaintiff in error, substantially covered the important features of the case.
Among the special charges requested and refused was No. 11. We think this charge was properly refused as it made the judgment of plaintiff in error final. The giving of this charge would in effect repeal the statute.
iSpecial request No. 12 we think was also properly refused. This charge states that the defendants must' be acquitted unless the method employed for the treatment of Stella Rogers was not a recog *176 nized method of treatment. Under this charge if the treatment prescribed was considered by this particular doctor, his druggist and the patient as a recognized method of treating such cases, but was not so considered by any other person, then it might be considered as a recognized method of treatment and the purposes of the statute annulled. Special charge No. 17 we think was properly refused. It was too broad and would in effect repeal the statute. If the administration of morphine by any physician is permissible provided such physician says he considers such treatment effective, then the statute is of little if any benefit.
We think the trial court also properly refused special charge No. 18. This special charge is too broad, and if given would have excluded the consideration by the jury of sales made to Stella Rogers before and after the 13th day of December, 1916.
We think such sales made to Stella Rogers before and after September 13, 1916, were competent to be considered by the jury as reflecting upon the issue as to whether the plaintiff in error was engaged in the “proper practice” of his profession in issuing the prescription of September 13th.
The trial court among other special charges gave Nos. 7, 13 and 15. These special charges were requested by plaintiff in error and are as follows:
“7. If the jury should find that Stella Rogers was an addict of morphine, and sought the services and assistance of the defendant, R. W. Miller, for the cure of that habit, and if it should appear that the' prescription relied upon for conviction was given for the actual and necessary purposes in the treat *177 ment of the said Stella Rogers, the jury must return a verdict of not guilty as to both defendants.”
“13. If the defendant, R. W. Miller, in good faith adopted the method of treatment of Stella Rogers known as the reduction method, and the prescription referred to in the affidavit was written by him in good faith, for actual and necessary purposes of such treatment of Stella Rogers, you must acquit both defendants of the charge.”
“15. Unless the State proves beyond a reasonable doubt that the prescription alleged to have been written on September 13, 1916, was not for the actual and necessary purposes of the treatment of Stella Rogers (also known as Stella Wilson), both the defendants must be acquitted. In determining whether or not the said prescription was given for such actual and necessary purposes of said Stella Rogers, the jury must take into account her condition on said date, and the necessities of her case, as it existed at.that time.”
The trial court in its general charge to the. jury on pages 393, 395, etc., also instructed the jury to the same effect.
We are of opinion that the special charges given at the request of counsel for plaintiff in error not only contained a correct construction of the statute in question but also presented to the jury the most favorable view to which the plaintiff in error was entitled.
The state introduced evidence showing the entire treatment prescribed by plaintiff in error for Stella Rogers. In brief the treatment commenced on or about July 18, 1916, and continued until on *178 or about October 19, 1916. The treatment began by prescribing ten grains of morphine daily and was gradually reduced to six and a quarter grains per day. In September the amount was increased to seven and a half grains because of the physical condition of the patient and then gradually reduced to less than five grains on or about October 5th.
The principal issue before the jury was whether the treatment so prescribed by plaintiff in error and as shown in detail by the record was for “actual and necessary purposes in the proper practice” of his profession.
The state offered the testimony of certain medical witnesses to the effect that the proper practice in the medical profession in the treatment of cases of this kind would consist of the abrupt withdrawal of all morphine and the confinement of the patient, and that any treatment of the patient without confinement would in the opinion of such witnesses be impractical and improper.
The witnesses for the defendant testified that the gradual reduction method is recognized, especially in cases where the patient is not under confinement.
The question as to whether plaintiff in error in^ this particular case under all the circumstances pursued the “proper practice/’ that is the practice as prescribed by the statute, was submitted to the jury as a question of fact.
For the purpose of determining this question of fact the jury was entitled to consider not only the treatment as actually prescribed by plaintiff in error, but also all the circumstances surrounding the case, and the expert testimony which was offered.
*179 From a consideration of the entire evidence we are of opinion that there is evidence which would warrant the jury in returning the verdict which it did, and the state of the evidence is such that a reviewing court would not be justified in disturbing the verdict upon the weight of the evidence.
The rule governing- reviewing -courts even in criminal cases is well stated in the case of Breeze v. State, 12 Ohio St., 146, the fourth paragraph of the syllabus of which is as follows:
“A judgment will not be reversed because the verdict is contrary -to the evidence, unless it is manifestly so, and the reviewing court will always hesitate to do so where the doubts of its propriety arise out of a conflict in oral testimony.”
We have considered all of the errors complained of by counsel for plaintiff in error, but finding no error in the record which we consider prejudicial to plaintiff in error the judgment of the lower court will be affirmed.

Judgment affirmed.

Allread and Ferneding, JJ., concur.
Judges of the Second Appellate District, sitting in place of Judges Shohl, Hamilton and Cushing of the First Appellate District.