By the Court.
 

 The petition had alleged, as one of the acts of negligence, that Wentland, the driver of the colliding car, was operating it “at an excessive rate of speed of not less than 30 miles per hour” at the time of the accident. That was one of the chief issues of the case, Wentland testifying that he was driving but 15 miles at the time. The evidence had been fully submitted on that and other issues touching the negligence of the defend
 
 *268
 
 ants. In the midst of its charge, while commenting upon the speed laws of the state, the trial court temporarily digressed from its charge and addressed the taxi and other drivers in the audience, calling their attention to such speed statutes, and cautioning them to “avoid the injury or killing of people who are in the exercise of their rights to cross and be upon the streets.” It is impossible to arrive at any other conclusion than that remarks of this character, made in a case where defendants were charged with violation of the speed laws, were highly prejudicial to the defendants, and that error intervened thereby; the effort of the trial court thereafter to minimize the prejudice, by cautioning the jury that such remarks should not be considered by them in their consideration of the rights of the parties on trial, did not, under the circumstances prevailing at the trial, cure the error so committed.
 

 For the reason stated, the judgments of the lower courts will be reversed, and the cause remanded to the trial court for further proceedings according to law.
 

 Judgment reversed and cause remanded.
 

 Jones, Matthias, Day, Allen, Kinkade and Robinson, JJ., concur.