is that the plaintiff settled his claims against the
Union Gas & Electric Company, and released and
discharged it, but denies that he has released the
other co-defendant Schmidt, and denies that the
settlement with the gas company was in full satis-
faction of the matters complained of in the petition.
This makes an issue of fact on the question of the
bar, and in the absence of a bill of exceptions, the
evidence on this issue is not before us.

The judgment of the trial court will be affirmed.

*Judgment affirmed.*

CUSHING and BUCHWALTER, JJ., concur.

---

## ROGERS *v.* GARFORD.

*Error proceedings—Judgment not reversed on weight of evi-
dence, where testimony merely conflicting—Evidence—
Letters inadmissible where contents unconnected with facts
or circumstances in record—Action for breach of contract
to purchase patent and form corporation—Letters offered
to show defendant party to contract inadmissible, when—
Charge to jury—Refusal of request not prejudicial where
similar instruction given—Question whether son-in-law
signed contract for defendant—Refusal of repetition of
same proposition of law not error—Statutory require-
ments for instructions before argument to be specifically
followed—Section 11447, General Code—Failure to state
time when instructions to be given, not prejudicial, when.
—Withdrawal of unwarranted instruction upon nonper-
formance of contract, not prejudicial, when—Issue reduced
to question whether defendant party to contract—Court
may withdraw erroneous instruction given before argu-
ment, when.*

1. In order to reverse judgment as being against weight of evidence, there must be something more than mere conflict in testimony, since verdict and judgment must stand, if supported by any credible testimony, so that reviewing courts should not reverse except on matter of law.

2. Where there is no fact or circumstance in record that connects itself with contents of letters excluded from evidence, such letters must stand or fall of their own weight, when their admissibility is determined.

3. In action by owner of patent for breach of contract under which defendant bought all her rights and agreed to organize corporation, letters offered to show that defendant was party to contract *held* properly excluded, where they were of general nature, with no specific reference to question whether author was acting for defendant or whether defendant had knowledge of correspondence.

4. In action for a breach of contract to purchase rights of owner of patent and organize corporation, refusal of instruction as to whether defendant's son-in-law signed contract for him *held* not error, in view of similar instruction given.

5. Error does not lie, where court refuses to give repetition of same proposition of law to jury, even though it is on written request that instructions be given in writing before argument.

6. Section 11447, General Code, relative to request for written instructions to be given before argument, requires instructions to be presented by party to suit on matters of law, with request that they be given to jury before argument, and must be specifically followed.

7. In making request for written instructions to be given before argument under Section 11447, General Code, failure to state when instructions were to be given *held* not prejudicial error, where trial proceeded on theory that requests were that they be given before argument.

8. In action for breach of contract to buy rights of owner of patent and organize corporation, withdrawal of charge that there was no proof that plaintiff failed to perform contract *held* not prejudicial error, where instruction was, as matter of law, unwarranted, and issue in case in final analysis was reduced to proposition of whether defendant was party to contract.

9. Where court committed error in written instruction given before argument, and discovered mistake before charge to jury, it had power to correct such error by withdrawing erroneous charge.

(Decided May 9, 1927.)

ERROR: Court of Appeals for Cuyahoga county.

*Mr. H. A. Williams* and *Mr. D. B. Ulrey,* for plaintiff in error.
*Mr. Walter D. Meals,* for defendant in error.

SULLIVAN, P. J. This is a proceeding in error, and the parties stand in the relation they stood in the court below, and hereafter will be referred to as plaintiff and defendant.

From a survey of the transcript, it appears that the petition was filed October 20, 1920, and, after a series of motions and amendments, a third amended petition was filed November 17, 1922, and to this pleading an answer was filed June 11, 1923 On November 27, 1925, the cause was tried before a jury, which found for the defendant, and. thereafter, upon a motion for a new trial, the same was overruled and judgment rendered against the plaintiff for the costs.

The cause comes before us on these assignments of error: That the judgment is clearly and manifestly against the weight of the evidence; that the court erred in the exclusion and admission of certain evidence, in its refusal to charge, and in its withdrawal of written charges before argument.

The allegations of the third amended petition are, in substance, that the plaintiff, Theodora W. Rogers, since January 4, 1916, had been the owner

of a certain United States patent for the manufacture and sale of a certain elastic garment, in the nature of a corset, and which was known as "Figure Mold"; that she was the holder of a trademark by virtue of which she had the exclusive right to such name in connection with the manufacture of the garments; that on September 20, 1919, for a good and valuable consideration, she executed a contract with the defendant, A. L. Garford, whereby she agreed to sell to him all her rights in the patents and trade-marks above noted, and all other property rights connected therewith. It is alleged that in consideration thereof, the defendant agreed to organize an Ohio corporation having 2,500 shares of 7 per cent. cumulative preferred stock, and 2,500 shares of nonpar common stock, for the manufacture and sale of the patented article; that the defendant agreed that he would cause to be issued to the plaintiff 500 shares of said preferred stock and 500 shares of nonpar common stock of the corporation, and would also cause to be paid to her the sum of $25,000 in cash.

The petition further alleged that plaintiff was ready and willing at all times to perform her part of the terms of the agreement, but that the defendant defaulted therein, for which she claims damages by reason of his breach in the sum of $75,000.

Plaintiff further alleged that on the 1st day of May, 1920, the defendant, Garford, repudiated the contract, and asserted that he was not bound thereby and would not proceed with the performance thereof. Thereupon plaintiff alleges she notified defendant that she considered such refusal to perform a breach of the contract, and informed defendant that she would hold him liable for breach

in the sum aforenamed, whereupon arose the suit for $75,000.

To all this there was filed a general denial, and thus the issue involved in the case is whether the defendant was a party to the contract, and whether there really was any such contract. Of course, if the defendant, Garford, was not a party to the contract upon which the petition is based, then it follows that, with respect to Garford, there was no contract whatsoever.

This status has a distinct bearing upon the assignments of error with respect to the question of the instructions of the court to the jury, for, if the essential and primal issue is the existence or nonexistence of the contract, as it affects the defendant, then the question as to whether the plaintiff fully performed her stipulations in the contract becomes immaterial.

We first examine the record to ascertain whether as a matter of law, under the rules of law which reviewing courts are bound to follow, the judgment of the court below is clearly and manifestly against the weight of the evidence. In order to reverse, there must be something more than a mere conflict in the testimony. If there is any credible testimony to support the verdict and judgment, they must stand. The authorities have gone so far as to say that some evidence only is required to sustain the verdict and prevent a reversal as a matter of law, providing it touches at all points of the material issues. Reviewing courts must go beyond the boundary of the pro and con of the evidence in order to ascertain whether there arises from the record a fact or circumstance which reasonably points to the probability that an error

in judgment has been committed. If this discovery is made, it must be one that shocks the senses and does violence to the conclusion reached by the jury and court below. This situation must arise from the record as a projection or guide post, indicating that the jury lost its way and went in the wrong direction in reaching the verdict which it rendered. The judges of the reviewing court may have a different opinion than the jury or the court below as to the facts, and might have rendered a different judgment had the case been tried before them, but, even under such circumstances, the authorities prevent a reversal unless there arises from the evidence, like a promontory, a status which clearly shows that a gross mistake was made by the judgment of the court below.

The authorities upon this question are overwhelming, and reviewing courts, if they follow them, cannot reverse the judgment except upon a matter of law. *Breese* v. *State,* 12 Ohio St., 146, 80 Am. Dec., 340; *Remington* v. *Harrington,* 8 Ohio, 507; *Higgins* v. *Drucker,* 22 C. C., 112, 12 C. D., 220; *Livingston & Co.* v. *Streeter,* 114 Ohio St., 144, 147, 150 N. E., 144; *Jones* v. *State,* 11 Ohio App., 441, 455; *Miller* v. *State,* 13 Ohio App., 171, 179; *Borschewski* v. *State,* 13 Ohio App., 362; *First Nat. Bk.* v. *Karas,* 14 Ohio App., 147, 156; *Shy* v. *State,* 17 Ohio App., 147, 154.

Applying these authorities to the record in this case, it is our judgment that the charge that the judgment of the court below is clearly and manifestly against the weight of the evidence is unfounded, and that there is no prejudicial error in the record in this respect.

It is charged against the court below as error

that the court should have admitted certain letters, written by Judge Stroup, as they tended to shed light upon the issue that the defendant, Garford, was a party to the contract, and that, when his son-in-law James Thomas signed it, he did so as trustee or agent for Garford. Of course, if these letters had a tendency in this direction, they would be competent, but a search of the record and an examination of the letters themselves compel us to the conclusion that there is no basis for the claim of error in this respect. When there is no fact or circumstance in the record that connects itself with the contents of the letters, then the letters must stand or fall of their own weight. We therefore look to their contents, and, from an examination of the same, find nothing therein which even remotely makes them binding upon the defendant, or which even sheds light upon the issue as to whether Garford was behind Thomas as trustee in the execution of the contract. The letters themselves are of a general nature. They have no specific reference to the question whether the author was acting for the defendant, or whether the defendant even had knowledge of the correspondence. On the contrary, however, the natural inference arises from the letters that their author was interested legitimately and naturally in a proposition that might in future be of professional or business advantage, were he connected therewith. If Judge Stroup were acting for Garford in writing the letters in question, undoubtedly there would be some evidence in the letters themselves of that fact. Here was a business venture. Several parties were interested, but not to the extent of signing the contract, and it is only natural to con-

clude that an attorney naturally and logically connected with the circumstances might be personally interested to the extent of observing each step in the progress of the transaction, and in participating therein personally, to the end that he would be a part of the organization if it ever culminated in that point where success would be assured. There is not even a presumption apparent in the letters themselves that Judge Stroup even pretended to act for or bind Mr. Garford in any way as a party to the contract, or to connect him in any way with liability.

Such is our interpretation of the letters themselves, and, if we are correct, then the court committed no error in excluding them as testimony in the case. Consequently, in this respect we think the court committed no prejudicial error.

Another assignment of error is that the court erred in refusing to give to the jury, before argument, certain requests in writing, submitted by the plaintiff. The first request is as follows:

"The first question for you to consider is whether Mr. Thomas, the son-in-law of the defendant, Garford, signed the contract dated September 20, 1919, for and on behalf of the defendant and at his direction.

"If you do so find, the court instructs you that the defendant Garford would be liable to the plaintiff for any damages suffered by her as a result of the breach of said contract, if you shall further find that said contract was breached."

In order to determine whether error exists under this assignment, we examine request No. 3, which was given by the court to the jury, as follows:

"If you find that Thomas signed for and as the

agent of Garford, the court instructs you that it was Garford's duty to carry out the contract by the payment of $25,000 in cash to the plaintiff and to cause a new corporation to be formed under the laws of Ohio to take over said patents and personal property of a capitalization called for in said contract, and to issue to plaintiff 500 shares of preferred stock and 500 shares of no par common stock, and, if he failed to perform said acts within a reasonable time, he breached said contract, and plaintiff would be entitled to recover such damages as were the direct result of said breach."

It is our judgment, from a comparison of request No. 1 and No. 3, that each substantially states the same proposition, to wit, that, if the jury finds that Mr. Thomas signed the contract on behalf of the defendant, Garford, the latter would be liable to the plaintiff for any damages suffered by reason of a breach.

In request No. 3 there is more language, but substantially no different proposition, in our judgment. In legal character and substance, both instruct the jury upon the same vital issues of the lawsuit, to wit, that, if Garford is a party to the contract through the signature of Thomas, and the contract was breached, then the plaintiff could recover in damages whatever she suffered because of the repudiation and nonperformance of its terms upon the part of Garford.

In *American Steel Packing Co.* v. *Conkle,* 86 Ohio St., 117, 99 N. E., 89, it is well settled that error does not lie where the court refuses to give repetition of the same proposition of law to the jury, even though it is upon a written request that the instructions be given in writing, before argument.

A significant element in the record, however, with respect to the point under discussion is that, notwithstanding the specific requirements of Section 11447, General Code, according to the record in this case the request for written instructions to be given before argument does not respond to the requirements of the statute. Such instructions must be in writing. They must be presented by a party to the lawsuit, and they must be upon matters of law, and the request that they be given to the jury must be before argument to the jury is commenced. The statute substantially says:

"When the evidence is concluded, either party may present written instructions to the court on matters of law, and request them to be given to the jury * * * before the argument to the jury is commenced."

As bearing upon this aspect of the case, we cite *City of Toledo* v. *Higgins,* 12 C. C., 646, 7 C. D., 29.

Inasmuch as written instructions before argument are statutory, and because they are of an unusual nature as compared with general instructions, it is our judgment that the statute must be specifically followed. The record is not only vague, but it fails in an important particular to comply with obedience to the statute. It must not be left to the court to determine when the instructions are to be given. The request must be specific. The language applying to the situation here, taken from the record, is as follows:

"At the conclusion of all the testimony and before arguments of counsel, counsel for the plaintiff requested the court, in writing, to charge the jury in writing separately and not as a series, as follows: [And then follows request No. 1.]"

It is our judgment that there is no prejudicial

error with respect to the charges under discussion, for the reason above given, that No. 3 is substantially the same instruction as No. 1; and we hold that, inasmuch as the trial proceeded upon the theory that the requests for the written instructions were that they be given before argument, and were not questioned or disputed as to their intent and use, there was no prejudicial error with respect to the apparent indifference to the specific require-ments of the statute. We are of the opinion that the good faith of both parties would not preclude a reviewing court, under the circumstances, from holding that the purpose and intent of plaintiff's counsel was that the request should be given before argument, and that this was an accepted understanding at the time on the part of counsel for defendant, and therefore we do not think the circumstances justify releasing the parties from the position in which they placed themselves in respect to this technical nonconformity to the statute.

It is also charged as prejudicial error that the court withdrew charge No. 2 after it had given same to the jury for consideration. Counsel for plaintiff requested the court to give the following instruction, in writing, before argument, and the court submitted it, as follows:

"There is no proof in this case that the plaintiff failed to perform any of the covenants and conditions imposed upon her under said contract."

After the arguments were completed, the court, in his general charge, used the following language:

"Before starting in with my general charge to you at this time, you will recall that this morning, just preceding the beginning of the argument in this case, I read to you as a part of your instructions, this language: 'There is no proof in this

case that the plaintiff failed to perform any of the covenants and conditions imposed upon her under said contract.' Now the court was a bit confused, owing to certain features of the case with which you are not interested, in giving that to you as a part of your instructions. I will say, upon further consideration and investigation of the matter, that I think I was wrong and I should not have given you that instruction. So I want you to just simply wipe it from your minds as though it had never been given to you at all. Don't let it favor the plaintiff or favor the defendant in this case or operate in any respect against either one of them. Just treat it as though it had never been given, and take the charge as to the law in this case and which shall guide you in your deliberations from the court as I shall give it to you at this time. I may say to you that I gave you, you recall, two instructions, the other I will send with you to your jury room and you should consider it, but you shall not consider this brief one, which I have just repeated to you, or permit it to affect you in any way.''

Now it has been stated in the foregoing portions of this opinion that the issue in the case in its final analysis was reduced to the proposition of whether Garford was a party to the contract. This issue settled and submerged all other issues, and particularly the question whether the plaintiff had performed her portion of the agreement, because the latter question is immaterial if there was no contract made by Garford, for, if there was no contract made by Garford, there was no breach of any contract on his part, and consequently the question as to whether the plaintiff performed was not in issue.

Such a charge could only be based upon the theory that Thomas signed the agreement for Garford. The duty of the jury would first be to find whether Garford was a party to the contract, and, if he were not a party, it would be unnecessary even to discuss the question of the existence of a contract. In delivering such a proposition to the jury, the court was indirectly assuming, as a matter of law, that there was a contract, and in the language in which it was given its tendency was to detract from the jury the real issue raised by the pleadings and the proof, to-wit, was Garford, by Thomas' signature, a party? If he was, there was a contract. If he was not, there was no contract as to him, and hence such a charge eliminated essential elements of the law, as it applied to the facts of the case, in order to make the instruction legally susceptible of passing from the bench to the jury box before argument, as a matter of law.

The court apparently discovered the legal impropriety of having granted the request of plaintiff's counsel to give the instruction, subsequently withdrawn, and thereupon the court corrected itself as above stated, and the proposition of law before us at the present time with respect to this status in the record is whether, if a court commits error in a written instruction given before argument, and discovers the mistake before the charge to the jury, it has the power to correct it. To say nay to such a proposition would, we think, be an obstruction of the administration of justice, as we apply the principle to the record in the instant case. With the jury still in the box, and the trial still under the control of the court, the court had one of two duties to perform, to-wit, correct its own mistake in its instruction to the jury, and thus avoid

prejudicial error and a mistrial, or adjudge itself powerless and *sua sponte* declare a mistrial and thus become the executioner of its own inherent judicial authority.

We do not think *Miller* v. *Hesseldon,* 115 Ohio St., 266, 152 N. E., 666, wherein the court digressed from the case in hand to deliver a lecture to court room attendants, is applicable, because in the present case the court summoned to the situation the judicial prerogative and thus prevented itself from becoming the instrumentality by which the administration of justice would be obstructed by its own hand.

We do not think there was any prejudicial error here, for the reasons, first, that the instruction, as a matter of law, was unwarranted; second, that it was unprejudicial in any event, under all the facts in the record; and, third, because of the inherent power of the court to strip the record before the verdict of any prejudicial errors, even though they be of the court's own commission.

When a court erects a column in the structure of legal procedure, and later learns that it is erected upon a fatal plan, which endangers the edifice itself, it has the power to dislodge the column and substitute for it another that will prevent the fatality. In other words, a court during trial has the inherent power to repair its own mistakes, in the interest of the sound administration of justice.

It is our conclusion that there are no prejudicial errors under the assignments charged in the record, and, holding these views, the judgment of the lower court is hereby affirmed.

*Judgment affirmed.*

VICKERY and LEVINE, JJ., concur.