Richards, J.
Walter Borschewski was tried in the municipal court of Cleveland for two offenses, each alleged to have been committed on May 1, 1919, one charge being for assault and battery, in which he was prosecuted by the state, and the other *363 for committing a disturbance and breach of the peace, in which he was prosecuted by the city for the violation of an ordinance. A jury was waived and he was convicted and sentenced upon each charge. These proceedings in error are brought to secure a reversal of the judgments so entered in the municipal court, and, as the evidence submitted and the points raised in each case are the same, the cases may be disposed of conveniently in one opinion.
The evidence introduced on behalf of the prosecution tends to show that on May Day, 1919, Borschewski was marching in a procession down Superior street, approaching the Square in the city of Cleveland; that this procession was headed by musicians and that Borschewski was carrying a red flag, and that when the procession reached a point between the Hollenden Hotel and the Colonial Theatre a controversy arose between certain citizens and Borschewski over his carrying a red flag in the parade. In this melee, according to the testimony of witnesses called by the prosecution, Borschewski was guilty not only. of creating a disturbance but of assault and battery. The facts, however, as so testified to by witnesses called by the prosecution, are denied by witnesses called on behalf of the defendant. The testimony offered in his behalf tends to show that he was not carrying a red flag, but a United States flag, and that he did not commit any disturbance or breach of the peace. Much of the testimony offered by the defendant was negative in character, and would not, under the wrell-known rules for weighing evidence, be entitled to as much credence, other things being equal, *364 as affirmative evidence. In view of the sharp conflict in the evidence we are not able to say that the conviction and sentence in the municipal court were not sustained by sufficient evidence or are contrary to the weight of the evidence. If the defendant was, as he claims, carrying an American flag, it is difficult to see how any affray would have been precipitated, and the identity of the defendant was clearly established, if the court believed the witnesses for plaintiff, as it was justified in doing. The trial judge met the witnesses face to face and heard their testimony, and was much better able to determine as to the weight to be given to that testimony than is a reviewing court which only finds the testimony in a written record. Breese v. The State, 12 Ohio St., 146.
Counsel for plaintiff in error insists that the municipal court erred in excluding cumulative testimony offered by the defendant on the trial. Three witnesses had been called by the prosecution, who testified directly to the unlawful acts charged against Borschewski. Thereupon the prosecution rested. The defendant in his own behalf called and examined four witnesses, whereupon the trial judge said to counsel for the defendant that he could call one more witness, if it was cumulative evidence, to which ruling the defendant objected and excepted. Counsel did thereupon call as a witness John Sitzko, whose testimony was cumulative, and at the conclusion of the testimony of the witness Sitzko, counsel for the defendant stated that the court having ruled before the last witness todk the stand that he would hear only one more witness, if the testimony was cumulative, he wanted the record to show that *365 the others were important witnesses. No other or further offer to prove was made, nor any further statement made as to the nature of the testimony that was desired to be offered, nor the number of witnesses that the defendant wished to call, nor who they were. The defendant, himself, however, thereupon took the stand and testified generally in his own behalf. It does not appear to this court that counsel for defendant sufficiently saved the question which he desired to make as to the refusal of the court to receive further cumulative evidence, in view of the fact that the record contains no statement of what counsel wished to establish, or the nature of the testimony he wished to introduce, other than that it was cumulative, and, in the opinion of counsel, important. The record does not affirmatively show prejudicial error.
We have, however, examined the authorities bearing on the right of a trial court to limit the number of witnesses on the ground that the testimony sought to be introduced is cumulative. Certainly a trial court has no authority to unreasonably restrict the right of a party to offer additional testimony, even though the same may be cumulative. The great weight of authority establishes the principle that if a trial court limits the number of witnesses that may be used to establish a given point or issue in a case, it must be in the exercise of a sound judicial discretion, and the limitation must be reasonable under all the circumstances of the particular case. Such was the decision of the circuit court in Hupp v. Boring, 4 O. C. D., 560, which judgment was affirmed by the supreme court, with *366 out opinion, in 55 Ohio St., 635. The case is also reported in 8 C. C., 259.
In the case of Bird et al. v. Young, 56 Ohio St., 210, Spear, J., in the course of the opinion, on page 223, in discussing an order limiting the number of witnesses as to the mental condition of the deceased to six on each side, and refusing to listen to further cumulative testimony, says:
“Ordinarily, the matter is within the discretion of the trial court, and it does not appear affirmatively that the court abused its discretion in this ruling.”
The record in the case at bar fails to show any abuse of discretion in the trial court in limiting the number of witnesses offered by the defense. It was a case in which in all likelihood a great number of witnesses could have been called to establish the guilt or innocence of the defendant, as the occurrence was on one of the principal streets of the city, near to the Public Square, and practically in the midst of a large concourse of people. We cannot concede that as a matter of right the defendant could continue indefinitely to call and examine witnesses on such a simple case as one involving a charge of assault and battery or disturbance. If no limitation could be imposed by the trial court, then, in a case of this character, so many witnesses could be called as to prevent, in effect, the administration of justice, for it must be presumed that in the municipal courts of a city the size of Cleveland many other cases are awaiting disposition and it is because of practical necessity that a reasonable discretion is imposed in the trial court in the limita *367 tion of witnesses, a discretion, of course, which must not be arbitrarily nor unreasonably exercised.
Finding no prejudicial error, the judgment in each case will be affirmed.

Judgment's affirmed.

Kinkade and Chittenden, JJ., concur.
Judges of the Sixth Appellate District, sitting in place of Judges Dunlap, Washburn and Vickery of the Eighth Appellate District.