LORMS, APPELLANT, *v.* THE STATE OF OHIO, DEPT. OF COMMERCE, DIV. OF REAL ESTATE, APPELLEE.

(No. 76-417—Decided December 8, 1976.)

· *Mr. Walter W. Grelle, Jr.,* and *Mr. Robert C. Paxton II,* for appellant.

*Mr. William J. Brown,* attorney general, and *Mr. Patrick V. Kerrigan,* for appellee.

WILLIAM B. BROWN, J. The main issue raised in this cause is whether the nonprejudicial omission of two letters from the certified record of an appealed administrative hearing mandates a finding in favor of the appellant pursuant to R. C. 119.12.

R. C. 119.12 provides, in pertinent part:

"Within twenty days after receipt of notice of appeal from an order in any case wherein a hearing is required by Sections 119.01 to 119.13, inclusive, of the Revised Code, the agency shall prepare and certify to the court a complete record of the proceedings in the case. Failure of the agency to comply within the time allowed shall, upon motion, cause the court to enter a finding in favor of the party adversely affected."

Appellant argues that, under R. C. 119.12, "there can only be one consequence as the result of an incomplete record on appeal." In so contending, he argues, in effect, that

even nonprejudicial omissions from the record mandate a finding in his favor under R. C. 119.12.[1]

That argument is not well taken. R. C. 119.12 only mandates a finding for the party "adversely affected" by an agency's failure to certify a "complete record" within the prescribed time.

To rule that appellant must be granted a finding in his favor even though the omissions in the record are not prejudicial would require this court to ignore the statutory phrase "adversely affected," to apply a "technical and strict construction" of R. C. 119.12 which has been criticized in past cases, and to ignore that R. C. 119.12 is remedial in nature and should, therefore, be given a liberal construction designed "to assist the parties in obtaining justice" under R. C. 1.11. (See *McKenzie* v. *Racing Comm.* [1966], 5 Ohio St. 2d 229, 231.)

We, therefore, hold with the Court of Appeals that a finding for Lorms under the "complete record" provision of R. C. 119.12 is not in order when the omission "in no way prejudices the appellant in the presentation of his appeal." *Checker Realty* v. *Ohio Real Estate Comm., supra.*[2]

The record does not indicate that Lorms was prejudiced by the omission of the letters from the record. The Court of Common Pleas found that they were adequately summarized in the record, and the portion of the transcript in which they are described makes it clear that they were letters from general business associates not quali-

---

[1] Appellant relies primarily on *Matash* v. *State* (1964), 177 Ohio St. 55, and *McKenzie* v. *Racing Comm.* (1966), 5 Ohio St. 2d 229, to support his contention. Since the agency in *Matash* failed to certify *any* record within 34 days after receipt of notice of appeal, that case did not raise the issue of nonprejudicial omissions from a record under R. C. 119.12. The *McKenzie* court held that the "complete record" provision of R. C. 119.12 should be construed liberally to require only a certified copy, rather than the original, of the agency's final order.

[2] To the extent that *Young* v. *Bd. of Review* (1967), 9 Ohio App. 2d 25, stands for the proposition that nonprejudicial omissions from an R. C. 119.12 record require a finding for the appellant, we disapprove of that opinion.

fied to testify in any specific manner about the sufficiency of Lorms' real estate experience.

Given the fact that Lorms was not prejudiced by the incomplete record certified to the Court of Common Pleas, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., CORRIGAN, STERN, CELEBREZZE and P. BROWN, JJ., cocnur.

HERBERT, J., concurs in the judgment.