GENOA BANKING COMPANY, APPELLANT, *v.* MILLS, SUPT. OF BANKS, ET AL., APPELLEES.

(No. 82AP-486—Decided February 24, 1983.)

*Mr. Douglas V. Austin,* for appellant.

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, *Mr. Timothy R. Parry* and *Mr. Roger P. Sugarman,* for appellee state of Ohio.

*Mr. Thomas W. Palmer,* for appellee Bank of Elmore Co.

MOYER, J. This matter is before us on the appeal of plaintiff, Genoa Banking Company, from a judgment of the Court of Common Pleas of Franklin County finding that the decision of defendant, Superintendent of Banks ("superintendent"), approving a branch application of intervenor, the Bank of Elmore Company, was supported by reliable, probative and substantial evidence and was in accordance with law. The trial court's judgment also dismissed plaintiff's motion for declaratory relief. This appeal is taken only from that part of the judgment

overruling plaintiff's motion for declaratory relief, as there is no assignment of error challenging the trial court's decision on the merits.

On November 23, 1979, the superindent approved an application filed by the intervenor to establish a branch bank in Genoa, Ohio. Plaintiff, which had an established bank in the same county, appealed the superintendent's order to the Court of Common Pleas of Franklin County. The superintendent did not certify the record of the administrative hearing within thirty days after the plaintiff's notice of appeal to the court of common pleas was received as required by R.C. 119.12. Rather, the superintendent filed a motion to dismiss plaintiff's appeal on the ground that the court of common pleas had no jurisdiction to hear plaintiff's appeal. The superintendent's motion was sustained and the trial court's judgment was affirmed by this court. The Supreme Court subsequently reversed our judgment and remanded the case to the trial court for a decision on the merits. The superintendent's motion for a rehearing in the Supreme Court was denied on September 1, 1981, and the superintendent certified the record of the administrative proceedings on September 30, 1981. The case then proceeded in the court of common pleas on its merits and on plaintiff's motion for declaratory relief.

Plaintiff asserts the following assignment of error in support of its appeal:

"The lower court erred in not granting plaintiff-appellant's motion for declaratory relief by failing to consider *State, ex rel. Crockett,* v. *Robinson,* the current judicial stance on an administrative failure to certify the record of the proceedings before it, as required by ORC Section 119.12."

The sole issue presented by the assignment of error is whether the superintendent's failure to certify to the court of common pleas the record of his administrative proceedings within thirty days after he received plaintiff's notice of appeal required the trial court to find as a matter of law in favor of plaintiff on the merits. On December 10, 1979, when plaintiff's appeal to the trial court was filed, R.C. 119.12 provided in pertinent part as follows:

"Within thirty days after receipt of notice of appeal from an order in any case wherein a hearing is required by sections 119.01 to 119.13 of the Revised Code, the agency shall prepare and certify to the court a complete record of the proceedings in the case. Failure of the agency to comply within the time allowed shall, upon motion, cause the court to enter a finding in favor of the party adversely affected. Additional time, however, may be granted by the court, not to exceed thirty days, when it is shown that the agency has made substantial effort to comply. * * *"

Our disposition of this appeal is controlled by our application of two opinions of the Supreme Court that have considered the question. The first is *Lorms* v. *State* (1976), 48 Ohio St. 2d 153 [2 O.O.3d 336], which, in its syllabus, states as follows:

"An agency's omission of items from the certified record of an appealed administrative proceeding does not require a finding for the appellant, pursuant to R.C. 119.12, when the omissions in no way prejudice him in the presentation of his appeal."

In emphasizing that R.C. 119.12 is remedial in nature and should therefore be given a liberal construction to assist the parties in obtaining justice, the court held that, because Lorms was not prejudiced in his appeal from the Division of Real Estate by the exclusion from the agency's certified record of two letters supporting his application for a real estate brokerage license, the court of common pleas did not err by failing to render judgment for him pursuant to R.C. 119.12. While the court in *Lorms* was concerned with the omission from a certified record

of only parts of the record rather than the agency's failure to certify any part of the record, the rationale of the opinion, and therefore the rule of law as stated in the syllabus, must apply to a case in which an agency fails to certify any part of the record within the statutory time.

The second case, which is the case upon which the plaintiff relies, is *State, ex rel. Crockett,* v. *Robinson* (1981), 67 Ohio St. 2d 363 [21 O.O.3d 228]. In its *per curiam* decision, which unfortunately does not refer to *Lorms,* the Supreme Court stated that:

"The language of the statute [R.C. 119.12] is clear; if the agency fails to comply, then the court must enter a finding in favor of the party adversely affected. The statute entitles the party to be put in the same position as if the court had ruled on the merits. Under the facts of this case, the court was required to issue an order of reinstatement, which, in itself, is a determination that the employee was wrongfully excluded from employment." *Id.* at 365.

In *Crockett,* the Civil Service Commission of Cleveland had failed to certify a copy of the record of proceedings to the trial court within the time required by R.C. 119.12. Because *Crockett* bears no syllabus and makes no reference to *Lorms,* we must assume that the Supreme Court in *Crockett* intended that its opinion be confined to the facts of that case and did not intend to overrule the law as enunciated in *Lorms.* It follows that the determinative question is whether plaintiff herein, an adverse party, was prejudiced by the superintendent's failure to certify his agency's record of proceedings to the court of common pleas within thirty days after he received a copy of plaintiff's notice of appeal on December 10, 1979.

Plaintiff argues that it was substantially harmed by not being able to view the superintendent's record of the administrative proceedings "* * * in that it was not able to examine it for purposes of proceeding on the merits." However, that argument is not persuasive for at least two reasons. The first is that, as the superintendent has stated in his brief, the records of the Division of Banks were available for inspection or copying by plaintiff at any time. It was only the confidential examiner's report that was not available to plaintiff until September 1981.

The second and more important reason is that the superintendent filed a motion to dismiss plaintiff's complaint on the ground that the superintendent's approval of a branch banking application is not a licensing function subject to the Ohio Administrative Procedure Act. That motion was considered, decided and appealed before the trial court considered the merit issues. Plaintiff has asserted no argument that persuades us that either it or the trial court needed the agency's record of proceedings to determine the jurisdictional question presented by the superintendent's motion to dismiss. Clearly, the superintendent's failure to certify the agency's record to the trial court within the statutory time did not prejudice the plaintiff in the trial court's judgment on the motion to dismiss.

The only remaining question is whether the superintendent's late certification of the record[1] was prejudicial to plaintiff. The record was certified to the trial court on September 30, 1981. The trial court entered its judgment on May 18, 1982, more than seven months after the record was filed. The plaintiff's brief on the merits was filed December 8, 1981,

---

[1] The superintendent certified the record within thirty days of the date the Supreme Court overruled the superintendent's motion

for reconsideration and remanded the case to the trial court for a decision on the merits.

more than sixty days after the certification of the record.

We are not persuaded by plaintiff's argument that it was harmed every day after it filed its original notice of appeal from the superintendent's order, as a result of the superintendent's failure to file the record. Plaintiff appears to interpret the term "prejudicial" to mean if it loses on the merits it has been prejudiced as a matter of law by the superintendent's failure to certify the record within the designated time. We do not read *Lorms* so broadly. Clearly, the prejudice, if there be any, must be actual prejudice to a party in the presentation of its case. That is, it is not enough for plaintiff to argue that it was harmed by the alleged illegal chartering of a branch bank because that is the issue to be decided on its merits. Rather, plaintiff must show that it was somehow prejudiced in the presentation of its case or that the trial court made some error because it did not have a complete or timely filed record. The trial court stated in its decision, to which it refers in its judgment entry, that "no prejudice accrued to Appellant [plaintiff] and no damage was done to the Court's ability to properly decide the case during the delay caused by the appeal of the jurisdictional issue." Plaintiff has given us no reason to disagree with that conclusion of the trial court.

Plaintiff's argument seems to confuse the "prejudice" suffered by plaintiff as a result of the trial court's finding that the superintendent properly chartered the branch bank with the prejudice in the presentation of the case or in the trial court's judgment that it must show it suffered as a direct result of the superintendent's late filing of the agency's record. Most of the plaintiff's arguments go to the first claim of prejudice, which is not relevant to the issue before us. Plaintiff has presented no argument that would cause us to conclude that it was prejudiced in the presentation of its case to the trial court or that the trial court was prej-udiced in reaching its judgment by the late certification of the record. The assignment of error is not well-taken and is overruled.

For the foregoing reasons, the judgment of the trial court is affirmed.

*Judgment affirmed.*

STRAUSBAUGH and NORRIS, JJ., concur.