KAUFMAN, Appellant,

v.

OHIO VETERINARY MEDICAL BOARD, Appellee.

[Cite as *Kaufman v. Ohio Veterinary Med. Bd.* (1990), 69 Ohio App.3d 79.]

Court of Appeals of Ohio,
Allen County.

No. 1–89–35.

Decided Aug. 8, 1990.

*Siferd & Siferd* and *Richard E. Siferd,* for appellant.

*Anthony J. Celebrezze, Jr.,* Attorney General, and *Cheryl Minsterman,* for appellee.

*Per Curiam.*

This is an appeal from a judgment entered in the Common Pleas Court of Allen County affirming an adjudication order issued by appellee, Ohio Veterinary Medical Board ("the board"). On August 12, 1987, the board issued a Notice of Opportunity to appellant, William Kaufman, D.V.M. The notice advised appellant of certain allegations against him pertaining to violations of R.C. 4741.22(Q) and (R). The notice also advised appellant of his right to a hearing prior to the board's determination whether to issue a reprimand or to suspend or revoke his license to practice veterinary medicine. The charges as contained within the August 12, 1987 notice were subsequently dismissed.

The board subsequently determined that probable cause existed regarding violations of R.C. 4741.22(Q) and (R) and accordingly issued a second Notice of Opportunity for hearing dated February 12, 1988. On April 13, 1988, the matter came on for hearing before the board.

The board subsequently entered an adjudication order suspending appellant's license for a period of one year for violations of R.C. 4741.22(R). The board further ordered a written reprimand for appellant's violation of R.C. 4741.22(Q). The appellant appealed the board's order to the common pleas

court. On April 21, 1988, the common pleas court filed a judgment entry affirming the order of the board. It is from this judgment that appellant appeals and presents seven assignments of error.

Upon examination of the record, briefs and relevant authorities pertaining to this case, this court finds that the judgment entry of the court of common pleas contains a thorough and well-reasoned analysis of the issues necessary to determine this appeal. In particular, we find that the entry of the court of common pleas contains a proper disposition of the identical seven assignments of error raised in this court and in the lower court.

 Accordingly, we hereby adopt the reasoning and analysis of the court of common pleas as set forth in its judgment entry of April 21, 1988, set forth in the Appendix. For the reasons stated by the court of common pleas in disposing of Assignments of Error I, II, III, IV, VI, VIII, IX and XI raised below, we overrule appellant's seven assignments of error raised on appeal to this court and affirm the judgment of that court.

*Judgment affirmed.*

SHAW, THOMAS F. BRYANT AND MILLER, JJ., concur.

Appendix

BASINGER, Judge.

Appellant, William W. Kaufman, D.V.M., filed an appeal from the adjudication order of August 1, 1988, of the Ohio Veterinary Medical Board pursuant to R.C. 119.12. Appellant was represented by attorney Richard Siferd. The appellee was represented by Assistant Attorney General Cheryl Minsterman.

The court has reviewed the record as certified by the Ohio Veterinary Medical Board ("the board"), the transcript of the April 13, 1988 hearing, as well as the pleadings and the arguments of counsel.

The primary allegations in the within case arose from the care and treatment by the appellant of the dog named "Dusty" owned by Richard and Kathleen Burger, during the period April 9, 1987 through May 14, 1987. A written complaint was filed with the board and presented by the executive secretary of the board for consideration. Charges were originally prepared and a Notice of Opportunity was sent under R.C. Chapter 119 on August 12, 1987. The charges as contained within that notice were dismissed as evidenced by minutes of the board of December 16 and 17, 1987.

The board subsequently determined that probable cause existed for formal administrative action and issued a second Notice of Opportunity for hearing dated February 12, 1988. A hearing was scheduled upon the request of the

appellant. A hearing was held on April 13, 1988, at which time appellant appeared and was represented by counsel.

Evidence was presented relating to gross incompetence of the appellant including diagnosis, surgery, care and treatment of, and an unauthorized necropsy on the dog named "Dusty" during the period as alleged. Additional evidence was presented concerning the allegations that the appellant permitted a person, not a licensed veterinarian, a veterinarian student extern or a graduate animal technician, to engage in work or perform duties restricted by law to registered animal technicians.

The facts as found by the board and as supported by the record show that the dog "Dusty" was presented at appellant's hospital for examination on or about April 9, 1987. "Dusty" was left in appellant's hospital for diagnosis and treatment by the appellant. The appellant at no time performed a laboratory urinalysis. The dog died on or about April 13, 1987.

The medical record of "Dusty" in the appellant's handwriting indicates treatment and diagnostics after April 13, 1987 until May 14, 1987. The entries as contained in the medical record were fabricated by appellant including a white blood cell count marked as if conducted on April 30, 1987. On May 9, 1987, some twenty-five days after the death of "Dusty," appellant visited the Burgers' home and indicated that the dog was still alive, and that he had performed surgery. No such surgery was performed on the animal in question.

After the death of the animal, the appellant performed an unauthorized necropsy. The appellant again represented to the owners of the dog on May 13, 1987, that the dog was still alive. Upon the demand of Kathleen Burger, the appellant admitted the prior death of "Dusty" and presented the owner with the frozen carcass. A subsequent necropsy was performed at Ohio State University which was inconclusive. The evidence clearly demonstrated that during the period of April 14 through May 14, 1987, the appellant did not acknowledge the death of "Dusty" and misrepresented that fact to the owners of the dog.

Evidence further indicates that from September 1980 until October 1984 employees of the appellant gave injections and dispensed medication in violation of restrictions prohibiting such actions by an individual not registered as an Animal Technician in the state of Ohio. Upon making the findings of facts as previously related in part, the board reached conclusions of law as follows:

1. The board has jurisdiction and authority to hear these matters and the proceedings comport with R.C. Chapter 119.

2. In the matter of the respondent (appellant) conducting an unauthorized necropsy on "Dusty," this constitutes "gross incompetence" as the phrase is used in R.C. 4741.22(R) and the board finds the respondent guilty thereof.

3. In the matter of the respondent falsifying medical records and providing false information to Richard and Kathleen Burger, regarding the surgery, diagnostics, care, treatment, and status of "Dusty," this constitutes "gross incompetence" as the phrase is used in R.C. 4741.22(R), and the board finds the respondent guilty thereof.

4. Upon consideration of the respondent not acknowledging the fact of "Dusty's" death, a patient under his care and treatment, during the period April 14, through May 14, 1987, this constitutes "gross incompetence" as the phrase is used in R.C. 4741.22(R), and the board finds the respondent guilty thereof.

5. In the matter of the respondent not utilizing nor offering standard kidney function tests (blood urea nitrogen, creatinine, and laboratory urinalysis) while treating "Dusty" for alleged kidney dysfunction, this constitutes "gross incompetence" as the phrase is used in R.C. 4741.22(R), and the board finds the respondent guilty thereof.

6. In the matter of the respondent permitting three persons, none of whom were registered animal technicians, to engage in work or perform duties in violations of R.C. 4741.19(C), the board finds the respondent guilty of violating R.C. 4741.22(Q).

The board further ordered that the license of William W. Kaufman to practice veterinary medicine in the state of Ohio be suspended for a period of one year for violations of R.C. Section 4741.22(R), for (1) conducting an unauthorized necropsy, (2) falsifying medical records and providing false information regarding patient to owners, (3) not acknowledging patient's death for thirty days, and (4) not utilizing or offering standard kidney function tests while treating a patient for alleged kidney dysfunction. The board further ordered a written reprimand for violation of R.C. 4741.22(Q) regarding permitting persons not graduate animal technicians to engage in work or perform duties in violations of R.C. 4741.19(C).

An appeal was filed to this court under R.C. 119.12, setting forth eleven assignments of error.

R.C. 119.12 provides:

"The court may affirm the order of the agency complained of in the appeal if it finds, upon consideration of the entire record and such additional evidence as the court has admitted, that the order is supported by reliable, probative, and substantial evidence and is in accordance with law."

The first assignment of error alleges that the board lacked jurisdiction or was otherwise without authority to sanction appellant as no written charges were ever filed with the board by the executive secretary as required by R.C. 4741.22.

R.C. 4741.22 requires that:

"Before the board may revoke, deny, or suspend a license, or otherwise discipline the holder of a license, written charges shall be filed with the board by the executive secretary."

The appellant cites *Wheat v. State Bd. of Chiropractic Examiners* (Nov. 30, 1988) Summit County App. No. 13538, unreported, 1988 WL 131444, in support of his argument that a complaint is necessary to invoke jurisdiction. However, the court ruled in *Wheat* that the failure to file a verified complaint was not a jurisdictional flaw. The court of appeals further noted that the appellant was not prejudiced by the failure to submit a verified accusation and overruled the assignment of error.

The record in the within case indicates that a complaint was filed by Richard and Kathleen Burger. The executive secretary of the board filed stated charges and notified the appellant of those charges on February 12, 1988. The appellant had the opportunity to respond to the charges, and has not been prejudiced in any manner by the form of the charges or the failure to comply with R.C. 4741.22. For those reasons, the first assignment of error is found to be without merit and is hereby overruled.

The second, third, and fourth assignments of error relate back to the charges filed by the board in August 1987. The three assignments of error will be jointly reviewed by the court.

The second assignment of error alleges that the board failed to rule on motions filed on August 25, 1987, December 9, 1987, and April 4, 1987, and for failing to include those motions in the record filed in the within court. The third assignment of error states that the adjudication order failed to deal with the totality of proceedings of the board beginning with the Notice of Opportunity mailed to appellant on August 12, 1987, and the fourth assignment of error alleges that the board to failed to properly certify the entire record to this court.

A Notice of Opportunity was sent to the appellant on August 12, 1987. The appellee contends that the board dismissed the first Notice of Opportunity as evidenced by minutes dated September 16 and 17, 1988 and included in appellee's memorandum in opposition to appellant's motion and filed with this court. Appellee further contends that the August 12, 1987 Notice of Opportunity letter as well as the two subsequent motions dealing with that notice are

irrelevant to the within proceedings. Furthermore, appellee states that the motion to dismiss of April 4, 1988 filed by appellant was included in the record.

A review of the certification of record indicates that the motion of April 4, 1988 was included in the record. In addition, the court hereby finds that the motions of August 25 and December 9, 1987, are irrelevant to the within matter and that the failure to certify the motions has in no way prejudiced the appellant in the within case. *Lorms v. Dept. of Commerce, Div. of Real Estate* (1976), 48 Ohio St.2d 153, 2 O.O.3d 336, 357 N.E.2d 1067.

In *Lorms*, the court ruled that an agency's omission of items from the certified record of an appealed administrative proceeding does not require a finding for the appellant pursuant to R.C. 119.12 when the admission in no way prejudiced him in the presentation of his appeal.

In the case *sub judice*, the appellant has not demonstrated any prejudice by the failure to include the motions of August 25 and December 9, 1987. For that reason, the court finds that portion of the second assignment of error to be without merit and it is hereby overruled. The court further finds that the motion of April 4, 1988, was included in the certified copy of the record and for that reason finds that the assignment of error is totally without merit.

The third assignment of error alleges that the adjudication order of the board prejudicially fails to deal with the totality of proceedings of the board beginning with the Notice of Opportunity given to appellant on August 12, 1987. Once again the appellant has failed to demonstrate any prejudice for the failure of the board to include a record or to otherwise consider the proceedings from August 12, 1987 to February 12, 1988. For that reason, the assignment of error is found to be without merit and it is hereby overruled.

The fourth assignment of error as previously stated deals with the alleged failure to properly certify the entire record. It is necessary that a party show prejudice to the appealing party as a prerequisite to a finding of a failure of certification. *Arlow v. Ohio Rehab. Serv. Comm.* (1986), 24 Ohio St.3d 153, 24 OBR 371, 493 N.E.2d 1337, and *Lorms, supra.* The appellant has not demonstrated any prejudice by the alleged failure to include in the record documents as indicated.

For reasons as stated, the court hereby finds the fourth assignment of error to be without merit and it is hereby overruled.

In the fifth assignment of error, the appellant alleges that the board abused its discretion in failing to permit testimony from witnesses as to appellant's character and professional competence, when the issue to be

decided by the board included a violation of veterinary practice and the sanction to be imposed.

Appellant called Ray McMahon, DVM, to testify on his behalf. The board ruled that the witness was a character witness and precluded the testimony based upon a limitation of the number of character witnesses. The board further ruled that the testimony of the witness had no relevance to the question before the board. This appears to be a discretionary matter within the authority of the board in imposing a reasonable restriction upon the number of witnesses that may be called for examination on any given issue. *Borschewski v. State* (1920), 13 Ohio App. 362, 31 Ohio C.A. 597.

The question before the board in the case at hand was whether the allegations as contained in the notice of February 12, 1988 were true. Although the character of the appellant was not the issue to be decided by the board, two character witnesses were permitted to testify on behalf of appellant, those witnesses being Mary Beth Kaufman and Dr. George D. Norris. It is the finding of this court that the board was within its discretion to limit the number of character witnesses to the two witnesses who testified on behalf of appellant. The refusal of the board to permit Dr. McMahon to testify was not an abuse of discretion. For that reason, the court finds the fifth assignment of error not to be well taken and it is hereby overruled.

■ In the sixth assignment of error the appellant claims that conclusion of law No. 5 is not supported by the evidence and no showing was made that such tests should have been performed or would have in any way changed the outcome of the treatment of "Dusty."

The case of *Arlen v. State* (1980), 61 Ohio St.2d 168, 15 O.O.3d 190, 399 N.E.2d 1251, provides that a trier of fact in a similar circumstance may utilize scientific or specialized knowledge possessed by the fact finder in rendering decisions. In *Arlen* it was deemed that the State Medical Board as the trier of fact could use its specialized medical training when confronted with issues that require such a background. Similar reasoning is applicable to the within case to support the board's finding that the medical tests should have been performed.

The board had before it the complete medical record of the dog, "Dusty." The board concluded that the failure to perform standard kidney functioning tests constituted gross incompetence as contemplated under R.C. 4741.22(R). The record, coupled with the veterinary expertise of the board, was sufficient for the board to make such a conclusion, as set forth in conclusion of law No. 5. As in *Arlen,* the board in the within case was similarly comprised of individuals expert in the veterinary field and were qualified to make the stated determination.

For reasons as stated, the court hereby finds the sixth assignment of error to be without merit and it is hereby overruled.

The appellant charges in his seventh assignment of error that conclusions of law Nos. 4 and 5 and portions of No. 3 cannot be used as a basis for punitive action, as appellant was not charged with those acts in his Notice of Opportunity letter.

Conclusion of law No. 3 finds gross incompetence in falsifying medical records and providing false information to the Burgers. Conclusion of law No. 4 finds gross incompetence for not acknowledging the death of the dog, and conclusion of law No. 5 deals with the failure to perform tests. The appellant alleges that the Notice of Opportunity letter of February 12, 1988, alleges three grounds of misconduct and does not include allegations as set forth in the conclusions of law Nos. 3, 4 and 5.

The February 12, 1988 Notice of Opportunity letter indicates in paragraph B:

"It is alleged that you are guilty of violating Paragraph (R) of Section 4741.22 of the Ohio Revised Code, gross incompetence as pertains to the diagnosis, surgery and treatment afforded the canine patient "Dusty" owned by Richard and Kathleen Burger, and that;"

The allegation as contained in paragraph (B) is sufficient to put the appellant on notice and to support the findings as contained in the conclusions of law Nos. 3, 4 and 5. All of the conclusions complained of by appellant, including (1) falsifying medical records, (2) providing false information, (3) not acknowledging the death of the dog, and (4) failure to perform tests, are encompassed under the allegation of 'gross incompetence' as pertained to the diagnosis and treatment afforded the canine patient "Dusty." For those reasons, the court hereby finds the seventh assignment of error not to be well taken and it is hereby overruled.

In the eighth assignment of error, the appellant alleges that he was deprived of due process in regards to the charge of permitting employees to perform duties or engage in work that is in violation of R.C. 4741.01 to 4741.29, as the charge failed to specify a time or place where appellant violated such section. This court would note that the finding of the board relating to permitting employees to perform duties in violation of the Revised Code formed the basis of the reprimand as indicated in the final paragraph of the adjudication order. This finding did not result in the suspension as set forth in the first full paragraph of the final adjudication order dated August 1, 1988.

■ While the better practice for the board may have been to include specific dates and/or times being considered, the failure in this case to so specify was not a violation of due process. The appellant has not shown any prejudice for the failure to include the dates as alleged, nor has the appellant shown in any way that the final order of the board would have been affected. The failure to include the dates is not directly related to the suspension of appellant's license, as the allegations in question were not used as a basis for the proposed suspension.

For reasons as stated, it is the finding of the court that the appellant was not deprived of due process of law and that the eighth assignment of error is without merit and it is hereby overruled.

In the ninth assignment of error, the appellant alleges that the evidence does not establish that the appellant violated R.C. 4741.22(Q) by permitting non-licensed animal technicians to perform certain procedures in that all procedures were performed under the appellant's supervision and control.

■ As in *Arlen, supra,* the board is again empowered to use its expertise in the veterinary field in determining the circumstances under which a non-licensed animal technician is violating the scope of those duties permitted by law. Evidence supports the factual findings as to the extent of the duties of the technicians involved. The expertise of the board members warrants the conclusion that these duties were beyond the scope permitted by R.C. 4741.-19(A). For those reasons, the ninth assignment of error is found to be without merit and is hereby overruled.

Assignment of Error No. 10 alleges that the judgment of the board is unduly severe based upon the facts adduced at the hearing.

■ While this court may disagree with the severity of the sanction in this case, it is within the discretion of the board to make such a determination pursuant to R.C. Chapter 4741. This court will not substitute its judgment for that of the board and must follow the confines of R.C. 119.12, which provides that the court may affirm the order of the agency if such order is supported by reliable, probative, and substantial evidence, and is in accordance with law.

This court hereby finds that the adjudication order is supported by reliable, probative, and substantial evidence, and is in accordance with the law. The factual allegations as alleged in the February 12, 1988 notice and as stated in the findings of fact have in large part not been contested by the appellant. In addition, the procedural allegations have not been substantiated, nor has the appellant shown any prejudice as a result of any of the errors alleged. For those reasons, the tenth assignment of error is found not to be well taken and it is hereby overruled.

The appellant alleges in his eleventh assignment of error that the order of the board is not supported by reliable, probative, and substantial evidence and is not in accordance with law. For reasons as stated in the tenth assignment of error, this assignment is found to be not well taken and is hereby overruled.

In summary, the court hereby finds assignments of error one through eleven to be without merit and are hereby overruled. The adjudication order of the board of August 1, 1988 is hereby affirmed.

It is further ordered that this judgment be and is hereby certified to the board for execution pursuant to R.C. 119.12.

*Decision affirmed.*

RANDALL BASINGER, J., of the Putnam County Court of Common Pleas, sitting by assignment.