McGEE, Appellant,

v.

**OHIO STATE BOARD OF PSYCHOLOGY, Appellee.**

[Cite as *McGee v. Ohio State Bd. of Psychology* (1993), 82 Ohio App.3d 301.]

Court of Appeals of Ohio,
Franklin County.

No. 92AP–1054.

Decided Jan. 26, 1993.

*Vivyan, Graeff, Rigg & Schneider* and *David J. Graeff;* and *Samuel B. Weiner,* for appellant.

*Lee Fisher,* Attorney General, and *Gregg B. Thornton,* Assistant Attorney General, for appellee.

———————

BOWMAN, Judge.

On December 21, 1989, appellant, Donald H. McGee, Ph.D., entered a guilty plea to one count of Medicaid fraud, a felony of the fourth degree. Based on R.C. 4732.17(A), which authorizes appellee, the Ohio State Board of Psychology ("board"), to take action against the license of any psychologist who has been convicted of a felony in any state or federal court, the board mailed appellant a notice of opportunity for hearing, indicating its intention to determine whether to issue a reprimand or suspend or revoke his license to practice psychology based on his being sentenced on a guilty plea to one count of Medicaid fraud.

Appellant requested a hearing on the matter and one was initially scheduled for February 8, 1991; however, it was continued because the board did not have a quorum. The hearing was rescheduled for May 17, 1991, at which time appellant stipulated to the fact that he had been convicted of a felony. Evidence was then presented at the hearing on the issue of mitigation, with appellant testifying on his own behalf. Part of the evidence admitted at the hearing included state's Exhibit No. 6, appellant's entry of guilty plea.

At its meeting on June 28, 1991, the board decided to delay a final decision on appellant's case until a complete, official transcript was available for review. At the September 20, 1991 meeting, the board reviewed the complete transcript of the hearing and the exhibits and determined that appellant's license should be revoked. Thereafter, on October 1, 1991, an adjudication order was issued stating that the board did not find that appellant provided adequate or persuasive reasons for his failure to comply with his provider agreement or the rules of the state for Medicaid reimbursement that would mitigate any sanctions levied against him. Consequently, the board revoked appellant's license.

Appellant appealed the decision of the board to the Franklin County Court of Common Pleas. On June 18, 1992, the trial court entered its decision affirming the order of the board, finding that it was supported by reliable, probative and substantial evidence and was in accordance with law.

Appellant then appealed to this court and filed a motion to supplement the record with a copy of a negotiated plea agreement which appellant allegedly entered into prior to his plea of guilty to one count of Medicaid fraud. The motion to supplement the record was denied. The board also filed a motion to strike extraneous matter from the files and this court determined that the

motion would be addressed with the appeal on the merits. This court now overrules the board's motion to strike, as this appeal will be determined based only on the record before this court. See *State v. Ishmail* (1978), 54 Ohio St.2d 402, 8 O.O.3d 405, 377 N.E.2d 500; and App.R. 9(A).

Appellant asserts the following assignments of error:

"First Assignment of Error

"The board of psychology's order is contrary to law where the evidence establishes that Dr. McGee, in good faith, followed previous legal court decisions and agreements of all parties concerned. Said revocation is, therefore, not supported by reliable, probative, and substantial evidence.

"Second Assignment of Error

"Prejudicial error occurs when the board of psychology fails to certify a complete record of proceedings to the trial court.

"Third Assignment of Error

"The board of psychology's action is contrary to law where the evidence demonstrates no justification for the severe action of revocation, where a lesser disciplinary action is appropriate."

 In an administrative appeal under R.C. 119.12, the trial court reviews the agency's order to determine whether it is supported by reliable, probative and substantial evidence and is in accordance with law. When performing this review, the common pleas court may consider the credibility of competing witnesses as well as the weight and probative character of the evidence. *Andrews v. Bd. of Liquor Control* (1955), 164 Ohio St. 275, 58 O.O. 51, 131 N.E.2d 390, paragraph one of the syllabus. To a limited extent, this standard of review permits the common pleas court to substitute its judgment for that of the administrative agency. Nevertheless, "the Court of Common Pleas must give due deference to the administrative resolution of evidentiary conflicts." *Univ. of Cincinnati v. Conrad* (1980), 63 Ohio St.2d 108, 111, 17 O.O.3d 65, 67, 407 N.E.2d 1265, 1267. The court also stated that an agency's factual findings should not be disturbed by the common pleas court absent legally significant reasons for doing so.

 On further appeal to this court, the standard of review is more limited. Unlike the common pleas court, the court of appeals does not determine the weight of the evidence. *Rossford Exempted Village School Dist. Bd. of Edn. v. State Bd. of Edn.* (1992), 63 Ohio St.3d 705, 707, 590 N.E.2d 1240, 1241. In reviewing the common pleas court's determination that the agency's order is or is not supported by reliable, probative and substantial evidence, the appellate court's role is, in part, limited to determining whether the common pleas court abused its discretion. *Hartzog v. Ohio State Univ.*

(1985), 27 Ohio App.3d 214, 216, 27 OBR 254, 256, 500 N.E.2d 362, 364; *Angelkovski v. Buckeye Potato Chips Co.* (1983), 11 Ohio App.3d 159, 161, 11 OBR 242, 243, 463 N.E.2d 1280, 1282. This deferential standard of review is necessarily limited to issues (such as the weight of the evidence and credibility of witnesses) as to which the common pleas court has some limited discretion to exercise. On questions of law, the common pleas court does not exercise discretion and the court of appeal's review is plenary. *Univ. Hosp., Univ. of Cincinnati College of Medicine v. State Emp. Relations Bd.* (1992), 63 Ohio St.3d 339, 587 N.E.2d 835, paragraph one of the syllabus; *In re Raymundo* (1990), 67 Ohio App.3d 262, 265, 586 N.E.2d 1149, 1151. Based on these guidelines, this court will address appellant's assignments of error.

Appellant's first two assignments of error are related and will be considered together.

Initially, appellant asserts that the board failed to certify a complete record of the proceedings to the trial court. Appellant asserts that the record is incomplete because the record was certified without the minutes of the board's September 20, 1991 meeting, which showed the final disposition taken by the board in appellant's case. Appellant also asserts that the record is incomplete because a negotiated plea agreement, which allegedly formed the basis for his plea of guilty to Medicaid fraud, was not made a part of the record in the board's hearing and was never certified to the trial court, as is required.

Appellant's assertion that he is entitled to judgment in his favor because the record was incomplete, since the board failed to include the minutes of the September 20, 1991 meeting when it certified the record to the trial court, is without merit.

Pursuant to R.C. 119.12, the board is to prepare and certify to the court a complete record of the proceedings in the case within thirty days after receipt of a notice of appeal. In this case, appellant filed his notice of record request on October 22, 1991. On October 31, 1991, the board certified "a true and complete record of the proceedings * * * with the exception of the Minutes of the Board's September 20, 1991, meeting, which will be forthcoming upon approval at the meeting of December 13–14, 1991." The approved minutes of the September 20, 1991 meeting were filed with the court for inclusion in the record on December 18, 1991. No motion for extension of time to certify the record was filed by the board.

When the board failed to file a complete record of proceedings in a timely manner, appellant could have filed a motion for judgment in his favor, see *Geroc v. Ohio Veterinary Med. Bd.* (1987), 37 Ohio App.3d 192, 525 N.E.2d 501; however, he did not do so. In addition, appellant has failed to show that

the board's omission of the minutes when the record was initially certified by the board prejudiced him. See *Alban v. Ohio Real Estate Comm.* (1981), 2 Ohio App.3d 430, 2 OBR 524, 442 N.E.2d 771; *Genoa Banking Co. v. Mills* (1983), 9 Ohio App.3d 237, 9 OBR 410, 459 N.E.2d 584. In *Lorms v. State* (1976), 48 Ohio St.2d 153, 2 O.O.3d 336, 357 N.E.2d 1067, the court held, at the syllabus:

"An agency's omission of items from the certified record of an appealed administrative proceeding does not require a finding for the appellant, pursuant to R.C. 119.12, when the omissions in no way prejudice him in the presentation of his appeal."

In this case, when the board sent the certified record to the trial court, it included in its letter of certification that the September 20, 1991 board minutes had not yet been fully transcribed or approved by the board. Once the minutes were transcribed and properly approved, the minutes were filed with the lower court and became a part of the record. The trial court did not render its decision until the complete record was before it and, thus, since all pertinent information was before the trial court when it made its decision on the merits, appellant was not prejudiced by the failure of the board to timely certify the entire record to the trial court.

■ Appellant next argues that, because of the terms of the negotiated plea agreement, the board had no legal authority or contractual right to pursue the charges against appellant. Appellant also argues that, because the plea agreement was not part of the record certified to the trial court, the record was incomplete.

Appellant correctly points out that the negotiated plea agreement was not made a part of the record in the hearing before the board; however, other than appellant's argument, the record fails to reflect that the negotiated plea agreement was even offered into evidence by any party. The inference in the record is that it was not. During the hearing, appellant testified that he was aware that there were significant negotiations that occurred regarding his guilty plea. The plea was briefly mentioned again during this exchange by counsel:

"Q. And the court that convicted you did not find the *Serednesky* decision exculpated you, did it?

"Mr. Weiner: Object. That was, No. 1, I object on Evidence Rule 410 where negotiations with regard to settlement of the case are not admissible in a hearing. No. 2, there is no evidence before this board other than the pleadings in the case that there was ever that issue raised, and it would have to be—the board would have to make a quantum leap as to why or why not

the issue was not tried, so I would object to her question based on those grounds.

"Ms. Anderson: I will rephrase my question. However, *I believe Mr. Weiner did start to get into the issue of the fact that there had been plea negotiations.* I will rephrase the question." (Emphasis added.)

Later, in closing arguments, appellant's counsel stated that "[w]e did, in fact, enter a plea because technically Dr. McGee was in violation of the law, and he did not want to fight that."

Other than the aforementioned vague references, the contents of the negotiated plea agreement was not addressed, either directly or by implication, in the hearing by either party and a copy of the negotiated plea agreement was not offered or admitted into evidence in the hearing before the board.[1] Appellant, however, asserts that the plea agreement which would prevent the board from taking action against him has been omitted from the record.

■ R.C. 4732.17(A) gives the board jurisdiction over appellant's license and it may deny, suspend or revoke the license based on any of the grounds enumerated in the statute. In the absence of evidence to the contrary, it must be presumed the board has jurisdiction to conduct a hearing and take such action as provided by statute with regards to appellant's license as is supported by the evidence. In this case, there was no evidence before the board or in the record which precluded it from investigating appellant and taking action against him pursuant to R.C. 4732.17(A). If appellant believed that the plea agreement provided something to the contrary, it was his obligation to raise the issue of the board's lack of jurisdiction by filing a motion to dismiss the hearing or raising the issue as part of his defense during the hearing. Appellant did neither. Appellant was represented by counsel at the hearing before the board who stipulated all of the exhibits, including the plea of guilty. In opening and closing statements, appellant's counsel framed the issue presented to be mitigation. The board's lack of jurisdiction to proceed with the hearing based on the contents of the alleged plea agreement was never raised.

Appellant also failed to raise the issue in the trial court, either through a motion for judgment in his favor based on a failure to certify a complete record or a motion to admit additional evidence based on the absence of the

---

1. During oral argument, appellant conceded that a review of the record in the criminal case fails to disclose the plea agreement was ever accepted by the court and that it is not part of the record in that case.

plea agreement from the certified record.[2] The brief submitted by appellant in the trial court again only addresses the issue of mitigation. Since there is nothing in the record to demonstrate the plea agreement was ever admitted into evidence before the board, it could not have been omitted when the record was certified to the common pleas court. Further, there is nothing in the record to show the board lacked jurisdiction to proceed with a disciplinary hearing against appellant.

Appellant also asserts that the trial court erred in its decision because it misinterpreted the case of *Serednesky v. Ohio Dept. of Pub. Welfare* (Nov. 27, 1979), Franklin App. 78AP–826, unreported. Throughout these entire proceedings, appellant has asserted that he relied on *Serednesky* as justification for his billing Medicaid for interns' treatment of various patients. Appellant asserts that *Serednesky* allows for Medicaid reimbursement for interns who work under the care of a doctor and, since appellant supervised his interns, he felt that his billing was justified.

This court finds that the trial court correctly interpreted *Serednesky*. In *Serednesky*, at 3–4, the court stated:

"The issue presented by this appeal is whether the federal law authorizing state participation in the Medicaid program requires or permits a state to limit reimbursement for psychological services to only those services rendered by the psychologist, himself; and, if such limitation is permitted by federal law, whether Ohio Administrative Rule 5101:3–8–02 was adopted pursuant to the Ohio Medicaid Plan or legislative enactment. *It is important to emphasize that, while the question of the desirability either to the patient or the state of prohibiting reimbursement for the services of psychologist interns is an important question of public policy, this appeal does not raise that question.* The issue before us is whether the departments had the authority to adopt the rule in question." (Emphasis added.)

In *Serednesky*, the court concluded that the term "scope of their practice" should be interpreted to include not only the care a psychologist is permitted to render, but also the manner in which it is rendered. The court then determined that interns are included in a psychologist's scope of practice for the purposes of the Medicaid law. However, the court also held that federal legislation and federal case law indicates that reasonable standards for determining the extent of medical assistance under the Medicaid program must be specifically incorporated in the state plan or otherwise sanctioned by a lawful delegation of legislative rule-making authority to the state agency.

---

2. We express no opinion as to whether a motion in the trial court to admit the plea agreement as newly discovered evidence would have been proper in this case.

■ Pursuant to *Serednesky,* the state has the discretion to determine whether or not to reimburse for intern services. The state of Ohio has chosen not to reimburse providers for intern services and has indicated such in the Medicaid Provider Handbook. The trial court correctly determined that the court, in *Serednesky,* never reached the issue of whether or not psychologists could bill Medicaid for services provided by interns whom they employ. As such, the trial court did not err in its interpretation of the *Serednesky* case.

Based on the foregoing, appellant's first two assignments of error are not well taken.

■ In his third assignment of error, appellant asserts that the board's action in revoking appellant's license was contrary to law because the evidence fails to demonstrate any justification for the severe action the board took when a lesser disciplinary action was appropriate.

Appellant asserts that, in its brief before the trial court, the Assistant Attorney General stated that there had been seven psychological board hearings involving felony convictions since the practice of psychology became a licensed profession in the state. This informed the trial court that there had been seven board hearings involving felony convictions, all of which had resulted in the revocation of the individual's license. Appellant asserts that this information prejudiced appellant, since there was no way that the trial court could objectively look at the other seven board hearings.

R.C. 4732.17 gives the board the authority to take disciplinary action against its licensees for any one of a number of reasons. The board is specifically allowed to reprimand, suspend or revoke the license of any psychologist. The choice of an appropriate sanction rests within the discretion of the board.

The board acted within its statutory authority to determine the appropriate sanction and neither the trial court nor this court can substitute its judgment for that of the board. See *Henry's Cafe, Inc. v. Bd. of Liquor Control* (1959), 170 Ohio St. 233, 10 O.O.2d 177, 163 N.E.2d 678. There is no evidence to show that the information about the seven other felony convictions had any effect on the board's reaching its decision or in the trial court's affirmance of the board's decision. It should be noted that appellant admitted he knowingly and intentionally billed Medicaid for interns' treatment of various patients and his only justification for doing so was that *Serednesky* permitted him to ignore the Medicaid provider agreement. Thus, appellant's own attitude in ignoring the requirements of the provider agreement supports the penalty the board imposed. Appellant's third assignment of error is not well taken.

Appellant's three assignments of error and the board's motion to strike are overruled, and the judgment of the trial court is affirmed.

*Motion to strike overruled*
*and judgment affirmed.*

WHITESIDE and TYACK, JJ., concur.