Appellant Wayne W. McCauley appeals the decision of the Noble County Common Pleas Court which denied his motion to establish a briefing schedule and stated that all issues in the case were disposed of in the court's previous denial of appellant's motion for judgment. For the following reasons, the judgment of the trial court is affirmed.
 I. STATEMENT OF FACTS PROCEDURAL HISTORY
Appellant was employed as a dispatcher for the Noble County Sheriff's Department from 1977 until 1983. Near the end of his employment, appellant began notifying certain officials of allegedly questionable activity by Sheriff Landon T. Smith. Appellant was absent from work the week leading up to his termination. Moreover, the sheriff complained that appellant wore an unauthorized gun to work which appellant refused to remove. On September 30, 1983, appellant received a letter from the sheriff advising him that his employment was being terminated due to inefficiency, insubordination, discourteous treatment of the public, and neglect of duty. The removal letter failed to list the particulars of appellant's misfeasance and failed to inform appellant of his right to appeal his removal.
On October 2, 1984, appellant appealed his termination to the State Personnel Board of Review (SPBR), naming Noble County Sheriff as appellee. At the administrative hearing, appellant testified that he was aware of his right to appeal for a considerable time before he actually appealed. On March 27, 1985, the administrative law judge (ALJ) dismissed the appeal stating that SPBR lacked jurisdiction due to the untimely appeal. On April 9, 1985, SPBR adopted the ALJ's recommendations.
Appellant filed a timely appeal to the Noble County Common Pleas Court. On March 26, 1987, the trial court affirmed SPBR's dismissal for lack of jurisdiction. Appellant filed timely notice of appeal to this court, alleging that he was denied due process of law. This court remanded because the appellate record lacked SPBR's certified record. Appellant supplemented the record with the transcript of the administrative hearing. Thereafter, on July 7, 1988, this court reversed the decision of the trial court because it appeared that SPBR's complete certified record was not before the trial court when it originally affirmed SPBR's decision.
On July 13, 1988, appellant filed a motion for judgment pursuant to R.C. 119.12 which states that if the agency fails to certify the record within the applicable time period, thirty days from the filing of appeal with the common pleas court, then the court shall enter judgment for the party adversely affected. Within days, appellee filed a motion for reconsideration along with a copy of a communication under date of May 14, 1985 which purported to certify the record of proceedings before SPBR to the clerk's office. This certification specified that twenty-six different items had been sent to the clerk. In response, appellant's counsel filed an affidavit declaring that she had reviewed the file on several occasions and has never seen the proposed letter of certification or many of the documents listed on the certification. On August 15, 1988, SPBR refiled its certified record with the clerk's office.
On August 13, 1992, this court granted appellee's reconsideration motion, held judgment in abeyance, and ordered the trial court to settle the record by determining whether SPBR timely filed its certified record in the clerk's office on May 14, 1985 as professed by SPBR. On September 12, 1992, the court settled the record by holding that only three documents were before the trial court when it affirmed SPBR's decision and that the complete certified record of SPBR was not filed in the clerk's office before such time. The three documents were the transcript of the administrative hearing, the ALJ's recommendations, and SPBR's order.
After the trial court settled the record, the case came back to this court as we had held judgment in abeyance. On October 14, 1992, we reversed the trial court's affirmance of SPBR's decision and remanded for consideration of appellant's July 13, 1988 motion for judgment. On April 20, 1994, the trial court denied appellant's motion for judgment and stated that SPBR's dismissal of the case was supported by substantial evidence. The court's order was journalized but there is no indication in the docket that notice of the order was mailed to the parties. Almost two years later, in February 1996, appellant filed a motion to establish a briefing schedule on his case. On October 9, 1996, the trial court determined that all issues were disposed of in its April 20, 1994 judgment entry. The within appeal followed.
 II. JURISDICTION OF THIS COURT
Before this court can review the merits of the within appeal, we must initially address whether this court has jurisdiction to hear the case. Appellee argues that the trial court's April 20, 1994 denial of appellant's motion for judgment was a final appealable order which ended the case. As a result, appellee argues that appellant failed to file timely appeal from said entry resulting in a lack of jurisdiction by this court. Conversely, appellant argues that he was denied due process of law when the trial court failed to provide him with reasonable notice of a final appealable order.
In order to provide such notice, the court must endorse upon the judgment directions to the clerk to serve the order upon the parties. Civ.R. 58(B). Within three days from journalizing the judgment, the clerk should serve notice on the parties.Id. After serving the parties, the clerk must note the service in the appearance docket. Id. The failure of the clerk to serve notice does not modify the running of the time for appeal except as provided in App. R. 4(A) which states that the thirty day time limit for filing an appeal is tolled until service is made and entered in the journal if a party is not served within the three day period in Civ.R. 58(B).
More specifically, what constitutes reasonable notice of a final appealable order is fully expressed by the following rules expounded in Atkinson v. Gruman Ohio Corp. (1988),37 Ohio St.3d 80:
 "A. Within three days of the entry of any final appealable order, the clerk of courts shall serve a notice of the entry in any manner provided in Civ.R. 5, upon every party who is not in default for failure to appear.
 B. The clerk shall make a notation in the case docket indicating that the required service has been made.
 C. Once the clerk has served notice of the entry and entered the appropriate notation in the docket, the notice shall be deemed to have been served. * * *" Id. at 86.
In the case at bar, there is no notation by the clerk in the docket that service was made. In fact, the trial court never even endorsed its judgment with a direction to the clerk to serve notice. Accordingly, appellant's appeal to this court was timely, in that the thirty day time limit for appeals was tolled by the failure to serve reasonable notice of the final appealable order upon appellant.
 III. ASSIGNMENTS OF ERROR ANALYSIS
Appellant sets forth the following three assignments of error for our review:
 "The trial court erred in not finding in favor of appellant as required by ORC 119.12."
 "The trial court erred in applying ORC 2506.03 to appellant's motion for judgment."
 "The appellant has been denied his constitutional right to due process under the due process and equal protection clauses of the constitution and the due process clause of the constitution of the state of Ohio by being deprived of his right to notice and opportunity to be heard upon termination from public employment."
On September 30, 1992, the trial court found that the letter of certification and most of the documents enumerated within said letter "were neither filed with the clerk nor before the court" when the decision affirming SPBR's order was rendered. This court then declared that "it is evident that the Common Pleas Court did not have a complete certified record of proceedings before it in deciding this case." McCauley v. NobleCounty Sheriff (Oct. 14, 1992), Noble App. No. 195, unreported, 3. We then remanded for the trial court to consider appellant's motion for judgment pursuant to R.C. 119.12. Upon remand, the trial court denied appellant's motion for judgment because appellant failed to demonstrate that the omissions in the record prejudiced him in any manner.
Appellant's first assignment of error alleges that the trial court erred by not granting his motion for judgment pursuant to R.C. 119.12 which provides in relevant part:
 "Within thirty days after receipt of a notice of appeal from an order in any case in which a hearing is required by sections 119.01 to 119.13
of the Revised Code, the agency shall prepare and certify to the court a complete record of the proceedings in the case. Failure of the agency to comply within the time allowed, upon motion, shall cause the court to enter a finding in favor of the party adversely affected. Additional time, however, may be granted by the court, not to exceed thirty days, when it is shown that the agency has made substantial effort to comply."
Appellant then argues in his second assignment of error that the trial court incorrectly cited to R.C. 2506 et seq. on the issue of an incomplete record instead of strictly construing the above-cited portion of R.C. 119.12. Regardless of whether R.C. 2506 et seq. is applicable, the Supreme Court has held that R.C. 119.12 should not be rigidly applied and that non-prejudicial omissions from an agency's certified record do not mandate finding for appellant. In Lorms v. State Dept. ofCommerce, Div. of Real Estate (1976), 48 Ohio St.2d 153, the court stated:
 "To rule that appellant must be granted a finding in his favor even though the omissions in the record are not prejudicial would require this court to ignore the statutory phrase 'adversely affected,' to apply a 'technical and strict construction' of R.C. 119.12 which has been criticized in past cases, and to ignore that R.C. 119.12 is remedial in nature and should, therefore be given a liberal construction designed to 'assist the parties in obtaining justice * * *.' " Id. at 155. See, also, Arlow v. Ohio Rehab. Serv. Comm. (1986), 24 Ohio St.3d 153.
Appellee argues that appellant was not prejudiced by the fact that the record before the trial court consisted solely of the transcript of proceedings before the ALJ, the ALJ's recommendations, and SPBR's adoption of those recommendations. We agree that the portions of the record that were untimely certified were unlikely to have altered or even mitigated the decision of the trial court that SPBR lacked jurisdiction due to appellant's untimely appeal of his firing. Accordingly, it appears that appellant was not truly "adversely affected" by the failure of SPBR to certify a complete record. SeeLorms, supra.
Appellant argues that the lack of the removal letter from the record was highly prejudicial to his appeal to the trial court. While there is no dispute that this letter was fundamentally lacking in required substance, the ultimate issue rests upon jurisdictional questions. That is, the pivotal dispute was whether or not appellant knew of his right to appeal, and whether or not he waited too long to file that appeal. The transcript of the administrative proceedings, which both parties conceded was before the trial court when it made its original decision, contains the following testimony:
 "Mr. McCauley: Well, I believe — I was — I found out later that I could appeal. Now, how long later, I don't know. Several weeks later.
 Ms. Daugherty: Several weeks after September 30, 1983?
 Mr. McCauley: Oh, yeah, it was way past that, and that —
 Ms. Daugherty: Could you nail it down a little bit? I mean I understand you wouldn't know to the day, but are we talking three weeks, six weeks —
 Mr. McCauley: Oh, I — I really — I really don't know how long it was, but it was quite a few days or weeks after. That's — but — and so what I tried to do is, you know, call different agencies in the state here, until I finally found the one, and I talked to a — finally talked to a Flossie Lindsay (phonetic) which told me that this is the one that you have to go to.
 Ms. Daugherty: Would that still have been in 1983 that you found out?
 Mr. McCauley: I don't' know. I was — at the time I was too nervous to worry about it, because I wasn't able to work anyhow.
Ms. Daugherty: Okay.
 Mr. McCauley: And if I'd've went back, he would've said, well, he doesn't do the work right and you can fire him anyhow.
 Ms. Daugherty: Okay. Your appeal was filed here on October 2, 1984. Why did it take you over a year to file?
 Mr. McCauley: I was unable to. I was unable to — unable to work until I got to the point where my unemployment ran out and I had to do something. You know, I took — I'm still taking nerve pills." (Tr. 35-36).
On further examination, appellant acknowledged that it was near January 1, 1984 when he made his telephoned various agencies to learn about his appellate rights. (Tr. 38).
Pursuant to R.C. 124.34, appellant had ten days to file an appeal of his termination with SPBR. However, appellant's employer was required by O.A.C. 123:1-31-01 to inform him of that right to appeal. Since his employer failed to comply with regulatory notification procedures, the time limit within which appellant had to appeal his termination was tolled until after he discovered that he had the right to appeal. In Roberts v.State (Dec. 31, 1980), Franklin App. No. 80AP538, unreported, the Tenth Appellate District held that the irregularity in the removal process, such as failure to serve a removal letter, did not justify an administrative appeal filed one year after learning of the removal and nine months after consulting with an attorney. Id. at 3. See, also, Davis v. Western ReservePsychiatric Ctr. (Sept. 29, 1993), Summit App. No. 15862, unreported, for a similar holding.
Appellant initially argues that a removal order is like a final appealable order which is not effective until all procedures are complied with. However, appellant then concedes that "the timeliness of an appeal should be judged only from the date that the terminated employee gains meaningful knowledge of appeal rights." Even under the most liberal reading of the transcript, it is apparent that appellant filed an untimely appeal of his termination. Appellant learned of his right to appeal "several weeks" after his removal. Moreover, he spoke to SPBR and other state agencies in January 1984. However, he did not file his appeal with SPBR until October 2, 1984.
Because appellant failed to timely appeal his termination with SPBR, said agency lacked jurisdiction to hear appellant's appeal. There exists substantial, probative, and reliable evidence which supports such a finding. Accordingly, the trial court did not abuse its discretion by affirming SPBR's order. Furthermore, none of the documents that were untimely certified would have changed the decision of the trial court,i.e., they were not outcome-determinative. Accordingly, appellant was not prejudiced by the lack of a complete certified record and was not automatically entitled to have the court render judgment in his favor. See Caparell v. Love
(1994), 99 Ohio App.3d 624.
Moreover, since the only issues that were before the trial court were whether SPBR had jurisdiction to hear appellant's appeal of his termination and then whether the lack of a complete certified record prejudiced appellant's appeal to the trial court, the trial court lacked jurisdiction on administrative appeal to hear appellant's claim that he was denied due process by the lack of a pretermination hearing.
For the foregoing reasons, the judgment of the trial court is affirmed.
Hon. Joseph J. Vukovich, Hon. Edward A. Cox, Hon. Cheryl L. Waite, JUDGES.
Cox, J., concurs.
Waite, J., concurs.
APPROVED:
 -------------------------------- JOSEPH J. VUKOVICH, JUDGE