DECISION
{¶ 1} Appellant-appellant, TTT, Inc., appeals from a judgment of the Franklin County Court of Common Pleas finding the decision of appellee-appellee, Ohio State Liquor Control Commission ("commission") that revoked appellant's liquor permit for violations of former R.C.4301.69(A) ["R.C. 4301.69(A)"] is supported by substantial, reliable and probative evidence and is in accordance with law. Appellant assigns a single error:
 {¶ 2} "The trial court erred when it affirmed the order of the appellee and found that the order of the appellee was in accordance with law."
 {¶ 3} Because the Franklin County Court of Common Pleas did not abuse its discretion in finding the decision of the commission to be in accordance with law, we affirm.
 {¶ 4} By notice of hearing mailed April 20, 2001, appellant was notified of six violations of R.C. 4301.69(A), charging that appellant's agent or employee sold beer to a person under 21 years of age. At the May 15, 2001 hearing before the commission, the Ohio Department of Public Safety ("department") advised that of the six violations alleged in the notice of hearing, it was willing to dismiss the first, second, third, fourth and sixth violations, and to proceed solely on the fifth violation. In response, appellant stipulated to the report of the investigating officer; the record is unclear whether appellant also stipulated to the violation itself. At the hearing, the department also introduced a journal entry of the conviction of the person who sold the beer to the underage person in violation of R.C. 4301.22. In addition, a confidential informant testified that on July 19, 2000, she was at defendant's bar, Shooter's on Bethel Road in Columbus, where she purchased a beer. At the time of the sale, the confidential informant was 20 years old and was not asked for any identification.
 {¶ 5} Appellant presented two witnesses, Martin J. McNamee, the sole owner of TTT, Inc., and Abe Pendleton. They explained the mistakes made, as well as the effort expended, in attempting to eliminate the problem of underage persons purchasing beer at the establishment.
 {¶ 6} Following the hearing, the commission issued an order indicating that the permit holder entered a plea of denial with a stipulation regarding the fifth violation; the commission dismissed the other alleged violations. Finding appellant in violation of the fifth violation as charged in the notice, the commission revoked appellant's liquor permit, effective noon on November 29, 2001.
 {¶ 7} Appellant appealed to the Franklin County Court of Common Pleas, which issued a stay. In its brief filed in the common pleas court, appellant challenged the penalty the commission imposed: revocation of appellant's liquor permit. Specifically, appellant contended the commission's penalty was not in proportion to the seriousness of the offense. Moreover, appellant asserted the commission apparently had failed to take into consideration the remedial steps appellant had taken, as explained in McNamee's and Pendleton's testimony.
 {¶ 8} Following the commission's response to appellant's brief, the trial court issued a decision and entry, concluding it was not free under the Ohio Supreme Court's decision in Henry's Café, Inc. v. Bd. of Liquor Control (1959), 170 Ohio St. 233 to modify the sanction the commission imposed. Moreover, the court noted that on the very day appellant's license was reinstated from prior violations, police detectives entered appellant's premises, conducted an undercover investigation, and again found an underage sale leading to the violation under consideration. Accordingly, the common pleas court determined the commission was not required to give great weight to appellant's testimony concerning its efforts to curb underage sales.
 {¶ 9} Appellant appeals, contending the common pleas court erred when it determined the commission's order was in accordance with law. Under R.C. 119.12, when a common pleas court reviews an order of an administrative agency, the common pleas court must consider the entire record to determine whether the agency's order is supported by reliable, probative, and substantial evidence and is in accordance with law. Univ. of Cincinnati v. Conrad (1980), 63 Ohio St.2d 108; see Andrews v. Bd. of Liquor Control (1955), 164 Ohio St. 275, 280.
 {¶ 10} The common pleas court's "review of the administrative record is neither a trial de novo nor an appeal on questions of law only, but a hybrid review in which the court `must appraise all the evidence as to the credibility of the witnesses, the probative character of the evidence, and the weight thereof.' " Lies v. Ohio Veterinary Med. Bd. (1981), 2 Ohio App.3d 204, 207, quoting Andrews at 280. In its review, the common pleas court must give due deference to the administrative agency's resolution of evidentiary conflicts, but the findings of the agency are not conclusive. Univ. of Cincinnati, supra, at 111.
 {¶ 11} An appellate court's review of an administrative decision is more limited than that of a common pleas court. Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621, rehearing denied,67 Ohio St.3d 1439. In Pons, the Ohio Supreme Court noted: "* * * While it is incumbent on the trial court to examine the evidence, this is not a function of the appellate court. The appellate court is to determine only if the trial court has abused its discretion, i.e., being not merely an error of judgment, but perversity of will, passion, prejudice, partiality, or moral delinquency. Absent an abuse of discretion on the part of the trial court, a court of appeals may not substitute its judgment for [that of an administrative agency] or trial court. Instead, the appellate court must affirm the trial court's judgment."
 {¶ 12} An appellate court, however, has plenary review of purely legal questions. Steinfels v. Ohio Dept. of Commerce, Div. of Securities (1998), 129 Ohio App.3d 800, 803, appeal not allowed (1999),84 Ohio St.3d 1488; McGee v. Ohio State Bd. of Psychology (1993),82 Ohio App.3d 301, 305, citing Univ. of Cincinnati College of Medicine v. State Emp. Relations Bd. (1992), 63 Ohio St.3d 339, paragraph one of the syllabus, rehearing denied, 63 Ohio St.3d 1459.
 {¶ 13} Here, counsel for appellant stipulated to the investigator's report that was made a part of the record at the hearing before the commission. The report supports the commission's determination that appellant violated R.C. 4301.69(A), as it records that appellant's bartender sold a beer to an underage confidential informant on Tuesday, July 19, 2000. Pursuant to appellant's stipulation to the investigator's report, as well as the testimony the department presented at the hearing, the commission properly could find appellant violated R.C.4301.69(A) as charged. See R.C. 4301.25(A) (authorizing the commission to suspend or revoke any permit for violation of any of the applicable restrictions of the Revised Code or lawful rule of the commission).
 {¶ 14} Moreover, while appellant would have this court modify the sanction imposed, Henry's Café, supra, prevents our altering the sanction, stating that "[o]n such appeal the Court of Common Pleas has no authority to modify a penalty that the agency was authorized to and did impose, on the ground that the agency abused its discretion." Id., paragraph three of the syllabus. Having accepted appellant's stipulation and found on sufficient evidence that appellant violated the statute, the commission was authorized by law to suspend or revoke appellant's permit. Under those circumstances, neither the common pleas court nor this court is empowered to modify that sanction. See Aida Enterprises, Inc. v. Ohio State Liquor Control Comm., Franklin App. No. 01AP-1178, 2002-Ohio-2764, appeal not allowed, 96 Ohio St.3d 1533, 2002-Ohio-5351; Goldfinger Enterprises, Inc. v. Ohio State Liquor Control Comm., Franklin App. No. 01AP-1172, 2002-Ohio-2270, appeal not allowed, 96 Ohio St.3d 1533,2002-Ohio-5351; Lindner v. Ohio Liquor Control Comm. (May 31, 2001), Franklin App. No. 00AP-1430.
 {¶ 15} Appellant nonetheless contends that revocation of its liquor permit violates both the United States and Ohio Constitutions. Appellant failed to raise that argument in the common pleas court, and thus waived review of the issue in this court. McCartney Food Market, Inc. v. Liquor Control Comm. (June 22, 1995), Franklin App. No. 94APE10-1576, dismissed, appeal not allowed, 74 Ohio St.3d 1462.
 {¶ 16} Accordingly, appellant's single assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
BOWMAN and McCORMAC, JJ., concur.
McCORMAC, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.