OPINION
{¶ 1} Appellant, Shelby Aerie 0763 Fraternal Eagles, appeals from a judgment of the Franklin County Court of Common Pleas affirming an order of appellee, Ohio Liquor Control Commission ("commission"), which revoked appellant's liquor permit for violation of Ohio Adm. Code4301:1-1-53 ("Rule 53"). Appellant assigns a single error:
 {¶ 2} "The lower court erred in determining that the decision of the Liquor Control Commission was supported by reliable, probative and substantial evidence and was in accordance with law because the commission's order was precluded by the constitutional prohibition against double jeopardy."
 {¶ 3} Because the commission's revocation of appellant's liquor permit does not violate the constitutional prohibition against double jeopardy, we affirm.
 {¶ 4} By notice issued from the Department of Public Safety/Liquor ("department"), appellant was notified of a hearing to be held on September 27, 2001 to determine whether appellant's liquor permit should be suspended or revoked or a forfeiture ordered for alleged violations of R.C. 4301.66 and Rule 53. Specifically, the notice of hearing alleged that on April 19, 2001, appellant's agents or employees violated R.C.4301.66 by hindering or obstructing a law enforcement official from making an inspection of the permit premises (Violation #1), and violated Rule 53 by permitting gambling on the premises in the form of a game or contest with alcohol as the prize (Violation #2), tip tickets (Violation #3), membership drawing (Violation #4), daily/weekly drawing (Violation #5), and tip boards (Violation #6).
 {¶ 5} At the September 27, 2001 hearing, the department dismissed the first, second, fourth, and sixth violations, and proceeded on the third and fifth violations. Appellant denied the charges, but stipulated to the investigator's report that was admitted at the hearing regarding the third and fifth violations. By order mailed October 10, 2001, the commission revoked appellant's liquor permit, effective October 31, 2001 at noon. Although appellant filed a motion for reconsideration, the commission overruled it.
 {¶ 6} Appellant appealed to the common pleas court. Contending the license revocation was punishment, appellant argued the commission's order (1) was an additional penalty that violated the prohibitions against double jeopardy, as appellant had been convicted in the Shelby Municipal Court of a gambling charge arising out of the same facts underlying the commission's revocation, and (2) was a punishment so severe it violated both the Ohio and United States Constitutions. Relying in part on FOE Aerie 2347 v. Ohio Liquor Control Comm. (Dec. 27, 2001), Franklin App. No. 01AP-675, the common pleas court found both of appellant's arguments unpersuasive and affirmed the order of the commission.
 {¶ 7} In its single assignment of error, appellant asserts the commission's order violates constitutional prohibitions against double jeopardy.
 {¶ 8} According to the stipulated evidence, on February 26, 2001, a former barmaid at the permit premises contacted the Shelby police to advise that she believed illegal gambling activity was being conducted on the permit premises. Based on her information, Sergeant David Mack, of the Shelby Police Department, obtained a warrant from a Shelby Municipal Court judge.
 {¶ 9} Two liquor control agents accompanied Mack and other police officers to the permit premises, where they found the door leading to the bar area locked. They used the buzzer and the telephone in an attempt to gain access, but when the agent identified himself and advised the barmaid to open the door immediately, the barmaid hung up the phone. Through the glass, the agents and officers could see persons within the bar were concealing items to the rear of the bar. One of the agents picked up the phone, which rang into the bar; the agent again asked to be admitted, but the barmaid did not comply. The agents and police knocked and, after a long wait, were admitted to the bar. There, they found the items giving rise to the alleged violations.
 {¶ 10} The parties do not dispute that, as result of the search, appellant was charged with operating a gambling house in violation of Shelby Municipal Code 630.03(A). Pursuant to appellant's plea, appellant was found guilty and was fined $1,000. Given the conviction in the Shelby Municipal Court, appellant contends double jeopardy prevents the commission from imposing a revocation order.
 {¶ 11} Under R.C. 119.12, when a common pleas court reviews an order of an administrative agency, the common pleas court must consider the entire record to determine whether the agency's order is supported by reliable, probative, and substantial evidence and is in accordance with law. Univ. of Cincinnati v. Conrad (1980), 63 Ohio St.2d 108, 110-111; see, also, Andrews v. Bd. of Liquor Control (1955), 164 Ohio St. 275,280.
 {¶ 12} The common pleas court's "review of the administrative record is neither a trial de novo nor an appeal on questions of law only, but a hybrid review in which the court `must appraise all the evidence as to the credibility of the witnesses, the probative character of the evidence, and the weight thereof.' " Lies v. Veterinary Medical Bd. (1981), 2 Ohio App.3d 204, 207, quoting Andrews at 280. In its review, the common pleas court must give due deference to the administrative agency's resolution of evidentiary conflicts, but the findings of the agency are not conclusive. Univ. of Cincinnati v. Conrad at 111.
 {¶ 13} An appellate court's review of an administrative decision is more limited than that of a common pleas court. In Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621. "While it is incumbent on the trial court to examine the evidence, this is not a function of the appellate court. The appellate court is to determine only if the trial court has abused its discretion, i.e., being not merely an error of judgment, but perversity of will, passion, prejudice, partiality, or moral delinquency. Absent an abuse of discretion on the part of the trial court, a court of appeals may not substitute its judgment for [that of an administrative agency] or trial court. Instead, the appellate court must affirm the trial court's judgment." Id.
 {¶ 14} An appellate court, however, has plenary review of purely legal questions. Steinfels v. Ohio Dept. of Commerce, Div. of Securities (1998), 129 Ohio App.3d 800, 803, appeal not allowed (1999),84 Ohio St.3d 1488; McGee v. Ohio State Bd. of Psychology (1993),82 Ohio App.3d 301, 305, citing Univ. Hosp., Univ. of Cincinnati College of Medicine v. State Emp. Relations Bd. (1992), 63 Ohio St.3d 339, paragraph one of the syllabus.
 {¶ 15} The Double Jeopardy Clause prohibits successive criminal prosecutions, and "the proscription is against a second criminal trial after jeopardy has attached in a first criminal trial." State v. Gustafson (1996), 76 Ohio St.3d 425, 435. (Emphasis sic.) This court recently address the double jeopardy issue in the context of commission orders. See FOE Aerie 2347, supra, and FOE Aerie 2177 Greenville v. Ohio Liquor Control Comm., Franklin App. No. 01AP-1330, 2002-Ohio-4441. In both cases, we analyzed the factors the United States Supreme Court set forth in Hudson v. United States (1997), 522 U.S. 93, 118 S.Ct. 488, and concluded principles of double jeopardy did not preclude the commission's sanction. Factually, FOE Aerie 2347 is slightly different from the facts appellant presents. Although, as here, the same facts gave rise to both criminal and administrative proceedings, the criminal action in FOE Aerie 2347 that preceded the commission's proceedings was dismissed; here, appellant was found guilty in the prior criminal proceeding. Foe Aerie 2177, however, involved a permit holder that was convicted in prior criminal proceedings arising out of the same facts before the commission, and again this court found the commission's sanction did not violate double jeopardy.
 {¶ 16} Appellant seeks to distinguish both cases because in both FOE Aerie 2347 and FOE Aerie 2177, the commission ordered a suspension, but offered a monetary forfeiture as an alternative. Noting the commission here ordered a revocation, appellant contends the sanction imposed in this case, in effect, is a criminal punishment in violation of double jeopardy.
 {¶ 17} The United States Supreme Court in Hudson addressed the essence of appellant's argument, and noted that monetary penalties and occupational disbarment imposed as a result of administrative proceedings did not bar a subsequent criminal trial arising out of the same conduct, as the administrative sanctions were not criminal penalties. Id. at 103. While the revocation here technically is not an occupational disbarment, it is virtually identical in its effect on appellant. Indeed, the revocation arguably is not as severe, as appellant may continue to operate as a fraternal organization; it simply may not serve liquor. By contrast, an occupational disbarment eliminates a person's livelihood.
 {¶ 18} As we noted in FOE Aerie 2347, commission proceedings have traditionally been deemed civil. Indeed, that revocation authority was granted to an administrative agency is some evidence the punishment is civil in nature. Hudson, supra. Moreover, not only does the Double Jeopardy Clause not prohibit the imposition of all additional sanctions that could, in common parlance, be described as punishment, Hudson at 98-99, the revocation of a privilege generally is not viewed as criminal punishment. Id. at 104. See, also, VFW Post 4027 Mt. Vernon v. Liquor Control Comm. (Nov. 6, 1996), Knox App. No. 96 CA 00022 ("[t]he right to sell liquor in Ohio is a privilege. Because the revocation sub judice is a revocation of a privilege and not a property right, it is not an affirmative restraint or disability"); FOE Aerie 0760 Kokosing v. Liquor Control Comm. (Nov. 6, 1996), Knox App. No. 96 CA 000020. In the final analysis, in proceedings traditionally deemed civil in nature, the commission here imposed a sanction that generally is not viewed as a criminal punishment. Accordingly, the commission's sanction in this case cannot be deemed an additional criminal punishment in violation of double jeopardy principles.
 {¶ 19} Given the foregoing, we overrule appellant's single assignment of error and affirm the judgment of the trial court.
Judgment affirmed.
LAZARUS and KLATT, JJ., concur.