OPINION
{¶ 1} The Union Township Board of Trustees appeals from a judgment of the Miami County Court of Common Pleas, which reversed a decision of the Board of County Commissioners dismissing a petition for annexation.
 {¶ 2} This appeal relates to the proposed annexation of 37.307 acres from Monroe and Union Townships in Miami County to the City of Union ("Union"). The essential facts are not in dispute. In 2001, Joseph Moore, acting as agent for property owners in Monroe and Union Townships, had property owners sign two blank petitions for annexation to the City of Union. These petitions did not state the amount of acreage or the number of owners involved, but they authorized Moore to "make any amendments and/or deletions which in his absolute and complete discretion [were] proper under the circumstances."
 {¶ 3} Moore first filed a petition to annex 87.266 acres to Union. In support of this petition, he apparently added information to the owners' petitions regarding the acreage, number of owners, map, etc. This information is required by R.C. 709.02. The Board of Commissioners held a hearing on this petition in July 2001 at which a substantial number of the owners who had signed the petitions objected to the annexation. Moore withdrew the petition.
 {¶ 4} In October 2001, Moore filed a petition to annex 37.307 acres from Monroe and Union Townships to Union. The petition noted thirty-eight property owners in the territory sought to be annexed, and it was signed by twenty-four owners. Correction fluid had been used on the forms containing the owners' signatures to change some of the pertinent information. The petition also included signatures of some owners who had advised the Board of Commissioners that they no longer wished to be annexed to Union after the filing of the petition to annex 87.266 acres.
 {¶ 5} The Board of Commissioners held a hearing on the 37.307 acre annexation petition on February 21, 2002. At the hearing, the Union Township Board of Trustees challenged the validity of the petition on the basis that the signatures had been obtained prior to the filing of the petition to annex 87.266 acres and at the same time as the signatures for that petition. The Trustees thus reasoned that no accurate map, legal description, number of owners, or acreage could have been included with the petition at the time the signatures were obtained. The Trustees also pointed out the use of correction fluid on the petitions. The Trustees asserted that the application was not a "petition" pursuant to R.C. 709.02
because of these deficiencies and irregularities. Moore conceded that the acreage had been "whited out and changed," but he maintained that these changes had been allowed by the clause in the petitions authorizing him to make amendments as he deemed necessary. Because of the question concerning the validity of the petition, the Board of Commissioners did not hear evidence about any other issues relating to the annexation at this hearing.
 {¶ 6} After the hearing and the submission by the parties of additional information related to the validity of the petition, the Board of Commissioners dismissed the petition because it had been "signed in blank form" in regard to the amount of acreage to be annexed, the number of owners involved, the designation of the township(s) from which the territory was to be annexed, and the absence of a map or plat.
 {¶ 7} Moore appealed the Board of Commissioners' decision to the Miami County Court of Common Pleas pursuant to R.C. Chapter 2506. Although the trial court stated that it was "more comfortable with the pristine view taken by The Board," it concluded that the principles of agency and the discretion afforded to Moore by the documents herein had permitted the modification of the signed forms. The court further concluded that the documents had not comprised a "petition," and thus had not been required to comply with the requirements of R.C. 709.02, until they were filed by the agent. Therefore, the trial court reversed the decision of the Board of Commissioners and remanded for further consideration of the annexation petition.
 {¶ 8} The Union Township Board of Trustees raises one assignment of error on appeal.
 {¶ 9} "I. The trial court erred when it ruled that an annexation petition that had been signed in blank, without designating the number of owners, the number of acres, the townships from which the territory would come, or the parameters of the annexation area, that was subsequently completed and filed without the knowledge of all of the owners and in contravention of the wishes of some, constituted a valid annexation petition pursuant to R.C. 709.02."
 {¶ 10} The Trustees claim that the trial court erred in reversing the decision of the Board of Commissioners.
 {¶ 11} A court of common pleas should not substitute its judgment for that of an administrative board unless the court finds that there is not a preponderance of reliable, probative and substantial evidence to support the board's decision. Kisil v. Sandusky (1984), 12 Ohio St.3d 30,34, 465 N.E.2d 848; see R.C. 2506.04. In determining whether the standard of review was correctly applied by the court of common pleas, the court of appeals has a limited function. Id., quoting Dudukovich v. LorainMetro. Housing Authority (1979), 58 Ohio St.2d 202, 207, 389 N.E.2d 1113. We must affirm the court of common pleas unless we find, "as a matter of law, that the decision of the common pleas court is not supported by a preponderance of reliable, probative and substantial evidence." Id. An appellate court, however, has plenary review of purely legal questions.Steinfels v. Ohio Dept. of Commerce, Div. of Securities (1998),129 Ohio App.3d 800, 803, appeal not allowed (1999), 84 Ohio St.3d 1488;McGee v. Ohio State Bd. of Psychology(1993), 82 Ohio App.3d 301, 305, citing Univ. of Cincinnati College of Medicine v. State Emp. RelationsBd. (1992), 63 Ohio St.3d 339, paragraph one of the syllabus.
 {¶ 12} The trial court recognized that this appeal involves only questions of law because there is no dispute as to the facts. We agree with this conclusion. We reject Moore's argument that the trial court's finding "that the broad grant of authority stated on the petition signed by the owners was not restricted by the amendment process as prescribed in R.C. 709.032" was a factual finding.
 {¶ 13} Moore's central argument is that, because he was authorized by the homeowners' signed forms to "make any amendments and/or deletions which in his absolute and complete discretion [were] proper under the circumstances," it was inconsequential whether the forms were blank when signed and whether he had altered their content in furtherance of the petition for annexation.
 {¶ 14} When this petition was filed, R.C. 709.02 provided, in pertinent part:
 {¶ 15} "The owners of real estate adjacent to a municipal corporation may, at their option, cause such territory to be annexed thereto, in the manner provided by sections 709.03 to 709.11 of the Revised Code. Application for such annexation shall be by petition, addressed to the board of county commissioners of the county in which the territory is located, and signed by a majority of the owners of real estate in such territory. Such petition shall contain:
 {¶ 16} "(A) A full description and accurate map or plat of the territory sought to be annexed;
 {¶ 17} "(B) A statement of the number of owners of real estate in the territory sought to be annexed;
 {¶ 18} "(C) The name of the person or persons to act as agent for the petitioners."
 {¶ 19} Moore contends that the petition was valid because it contained all of the information required by R.C. 709.02 when it was filed and that the information was not required to be on the forms when they were signed. The Board of Commissioners disagreed, stating that "it seems axiomatic that a formal petition of legal import and standing should include, at the time of its execution, all of the information and material required by law so as to apprise signatories of its content, and that it should not be supplemented, modified, or remodified after its signing except pursuant to amendment procedures countenanced by law." This interpretation by the Board was a reasonable one, and we agree with it. To give legal effect to petitions signed in blank or substantially altered after signing would be to jettison the legal significance of the signature. In our view, a signatory cannot meaningfully convey his assent to the action proposed by a petition if the petition is not substantially complete and accurate when signed.
 {¶ 20} In so holding, we reject Moore's position that the authority conferred by the signatories to make amendments or deletions to the petition encompassed the actions taken in this case. In our opinion, filling in a blank form cannot be fairly characterized as an amendment or a deletion as those words are commonly used. Indeed, to give this provision the sweeping meaning advocated by Moore would allow him to remove the property of a signatory from the territory to be annexed altogether. Moreover, the appointment of the agent on these forms specifically refers to R.C. 709.02 et seq., and the notion that Moore could "make any amendments and/or deletions * * * in his absolute and complete discretion" is in conflict with R.C. 709.032, which requires that leave of the county commissioners is required for an amendment. Allowing the form to be signed in blank would also make it more difficult for a signatory to withdraw his signature pursuant to R.C. 709.032, which requires the owner to show that his signature was obtained by fraud, duress, misrepresentation, or undue influence. Thus, while the signatories undoubtedly authorized Moore to correct minor errors and to make necessary changes in the annexation petition as the proceedings unfolded, we cannot countenance the view that his position as agent for these property owners entitled him to determine the entire scope of the annexation after the owners had signed the forms.
 {¶ 21} Because there was no factual dispute about the irregularities in the petition, and because the Board of Commissioners had reasonable grounds for its concerns about those irregularities, the trial court erred in reversing the Board's decision.
 {¶ 22} The Union Township Board of Trustees' assignment of error is sustained.
 {¶ 23} The judgment of the trial court will be reversed.
BROGAN, J. and GRADY, J., concur.