OPINION
{¶ 1} Appellant, Loom Lodge 1044 Troy, appeals from a judgment of the Franklin County Court of Common Pleas affirming an order of appellee, Ohio Liquor Control Commission ("commission"), which revoked appellant's liquor permit for violation of Ohio Adm. Code 4301:1-1-53
("Rule 53"). Appellant assigns a single error:
 {¶ 2} "The lower court erred in determining that the decision of the Liquor Control Commission was supported by reliable, probative and substantial evidence and was in accordance with law because the commission's order was precluded by the constitutional prohibition against double jeopardy."
 {¶ 3} Because the commission's revocation of appellant's liquor permit does not violate the constitutional prohibition against double jeopardy, we affirm.
 {¶ 4} By notice issued from the Department of Public Safety/Liquor ("department"), appellant was advised of a hearing to be held on December 5, 2001 to determine whether appellant's liquor permit should be suspended or revoked or a forfeiture ordered for alleged violations of Rule 53. Specifically, the notice of hearing alleged that, on April 19, 2001, appellant's agents or employees permitted gambling on the premises in the form of tip tickets (Violation #1), electronic video gambling machines (Violation #2), tip boards (Violation #3), coin boards (Violation #4), daily/weekly drawings for prizes (Violation #5), and pay off records on gambling (Violation #6).
 {¶ 5} At the December 5, 2001 hearing, the department dismissed the third, fourth, fifth, and sixth violations, and proceeded on the first and second violations. Appellant denied the charges, but stipulated to the investigator's report that was admitted at the hearing. In addition, the commission admitted as a mutual exhibit a judgment entry from Miami Municipal Court finding appellant guilty of violating R.C.2915.03 by operating a gambling premises.
 {¶ 6} Learning that no representative of appellant was at the hearing, the chairman of the commission noted that "this is the ninth gambling violation that this establishment has accumulated since 1985. How can we think that they've learned anything after nine times? It looks to me like they'd rather gamble than drink. * * * We've tried fining them. We've tried suspending them. * * * It looks to me like fining them and suspending doesn't — that hasn't worked. It looks to me like — — I mean, nobody is here from the club. We have no indication that they've changed the management or they've fired the people that were in charge of this." (Tr. 6-7.)
 {¶ 7} Given the evidence and appellant's record, the commission revoked appellant's liquor permit. Appellant appealed to the common pleas court. Contending the license revocation was punishment, appellant argued the commission's order was an additional penalty that violated the constitutional prohibitions against double jeopardy. Relying on FOE Aerie 2347 v. Ohio Liquor Control Comm. (Dec. 27, 2001), Franklin App. No. 01AP-675, the common pleas court determined the revocation was not a criminal punishment. Finding no double jeopardy violation, the common pleas court affirmed the order of the commission.
 {¶ 8} In its single assignment of error, appellant asserts the commission's order violates constitutional prohibitions against double jeopardy.
 {¶ 9} According to the stipulated evidence, on April 18, 2001, liquor control agents went to the permit premises where they were greeted by the treasurer of the lodge, Francis Vore. Vore provided Agent Diehl with a tour of the location, where Diehl observed bins of intact tip tickets located behind the bar. Vore also showed Diehl a room that contained two electronic video gambling machines, and Vore noted the machines were not allowed.
 {¶ 10} The next day, after Diehl obtained a warrant from a Miami Municipal Court judge, the agents returned to the permit premises, and they identified themselves to the person in charge. In the room where Diehl had observed the two electronic video gambling machines, Diehl observed a patron playing one of the machines. Diehl located three more gambling machines in another room of the permit premises. All the machines were operable.
 {¶ 11} As a result of the incident, appellant was charged with operating a gambling premises in violation of R.C. 2915.03(A)(2), a misdemeanor of the first degree. Pursuant to a no contest plea in the Miami Municipal Court, the court found appellant guilty and imposed a fine of $1,000. The municipal court also ordered appellant to forfeit $2,150.02 "which represents monies seized pursuant to a search warrant previously issued and executed," and further ordered the state to return to appellant "the sum of $10,000.00 which sum represents additional monies seized by the State pursuant to the * * * search warrant." (Sept. 17, 2001 Order.) Given the conviction in the Miami Municipal Court, appellant contends double jeopardy prevents the commission from imposing a revocation order.
 {¶ 12} Under R.C. 119.12, when a common pleas court reviews an order of an administrative agency, the common pleas court must consider the entire record to determine whether the agency's order is supported by reliable, probative, and substantial evidence and is in accordance with law. Univ. of Cincinnati v. Conrad (1980), 63 Ohio St.2d 108, 110-111; see, also, Andrews v. Bd. of Liquor Control (1955), 164 Ohio St. 275,280.
 {¶ 13} The common pleas court's "review of the administrative record is neither a trial de novo nor an appeal on questions of law only, but a hybrid review in which the court `must appraise all the evidence as to the credibility of the witnesses, the probative character of the evidence, and the weight thereof.' " Lies v. Veterinary Medical Bd. (1981), 2 Ohio App.3d 204, 207, quoting Andrews at 280. In its review, the common pleas court must give due deference to the administrative agency's resolution of evidentiary conflicts, but the findings of the agency are not conclusive. Univ. of Cincinnati v. Conrad at 111.
 {¶ 14} An appellate court's review of an administrative decision is more limited than that of a common pleas court. Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621. "While it is incumbent on the trial court to examine the evidence, this is not a function of the appellate court. The appellate court is to determine only if the trial court has abused its discretion, i.e., being not merely an error of judgment, but perversity of will, passion, prejudice, partiality, or moral delinquency. Absent an abuse of discretion on the part of the trial court, a court of appeals may not substitute its judgment for [that of an administrative agency] or a trial court. Instead, the appellate court must affirm the trial court's judgment." Id.
 {¶ 15} An appellate court, however, has plenary review of purely legal questions. Steinfels v. Ohio Dept. of Commerce, Div. of Securities (1998), 129 Ohio App.3d 800, 803, appeal not allowed (1999),84 Ohio St.3d 1488; McGee v. Ohio State Bd. of Psychology (1993),82 Ohio App.3d 301, 305, citing Univ. Hosp., Univ. of Cincinnati College of Medicine v. State Emp. Relations Bd. (1992), 63 Ohio St.3d 339, paragraph one of the syllabus.
 {¶ 16} The Double Jeopardy Clause prohibits successive criminal prosecutions, and "the proscription is against a second criminal trial after jeopardy has attached in a first criminal trial." State v. Gustafson (1996), 76 Ohio St.3d 425, 435. (Emphasis sic.) This court recently addressed the double jeopardy issue in the context of commission orders. See FOE Aerie 2347, supra, and FOE Aerie 2177 Greenville v. Ohio Liquor Control Comm., Franklin App. No. 01AP-1330, 2002-Ohio-4441. In both cases, we analyzed the factors the United States Supreme Court set forth in Hudson v. United States (1997), 522 U.S. 93, 118 S.Ct. 488, and concluded principles of double jeopardy did not preclude the commission's sanction. Factually, FOE Aerie 2347 is slightly different from the facts appellant presents. Although, as here, the same facts gave rise to both criminal and administrative proceedings, the criminal action in FOE Aerie 2347 that preceded the commission's proceedings was dismissed; here, appellant was found guilty in the prior criminal proceeding. Foe Aerie 2177, however, involved a permit holder that was convicted in prior criminal proceedings arising out of the same facts that were before the commission; again this court concluded the commission's sanction did not violate double jeopardy.
 {¶ 17} Appellant seeks to distinguish both cases because, in both FOE Aerie 2347 and FOE Aerie 2177, the commission ordered a suspension, but offered a monetary forfeiture as a alternative. Noting the commission here ordered a revocation, appellant contends the sanction imposed in this case, in effect, is a criminal punishment in violation of double jeopardy.
 {¶ 18} The United States Supreme Court in Hudson addressed the essence of appellant's argument, and noted that monetary penalties and occupational disbarment imposed as a result of administrative proceedings did not bar a subsequent criminal trial arising out of the same conduct, as the administrative sanctions were not criminal penalties. Id. at 103. While the revocation here technically is not an occupational disbarment, it is virtually identical in its effect on appellant. Indeed, the revocation arguably is not as severe, as appellant may continue to operate as a fraternal organization; it simply may not serve liquor. By contrast, an occupational disbarment eliminates a person's livelihood.
 {¶ 19} As we noted in FOE Aerie 2347, commission proceedings have traditionally been deemed civil. Indeed, that revocation authority was granted to an administrative agency is some evidence the punishment is civil in nature. Hudson, supra. Moreover, not only does the Double Jeopardy Clause not prohibit the imposition of all additional sanctions that could, in common parlance, be described as punishment, Hudson at 98-99, but the revocation of a privilege generally is not viewed as criminal punishment. Id. at 104. See, also, VFW Post 4027 Mt. Vernon v. Liquor Control Comm. (Nov. 6, 1996), Knox App. No. 96 CA 00022 ("[t]he right to sell liquor in Ohio is a privilege. Because the revocation sub judice is a revocation of a privilege and not a property right, it is not an affirmative restraint or disability"); FOE Aerie 0760 Kokosing v. Liquor Control Comm. (Nov. 6, 1996), Knox App. No. 96 CA 000020. In the final analysis, in proceedings traditionally deemed civil in nature, the commission here imposed a sanction that generally is not viewed as a criminal punishment. Accordingly, the commission's sanction in this case cannot be deemed an additional criminal punishment in violation of double jeopardy principles.
 {¶ 20} Given the foregoing, we overrule appellant's single assignment of error and affirm the judgment of the trial court.
Judgment affirmed.
BOWMAN and LAZARUS, JJ., concur.