[Cite as *Valko v. State Med. Bd. of Ohio*, 2023-Ohio-4676.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Tim R. Valko, M.D.,                                   :

     Appellant-Appellant,                         :
                                                                              No. 22AP-758
v.                                                              :        (C.P.C. No. 20CV-2494)

State Medical Board of Ohio,                   :        (REGULAR CALENDAR)

     Appellee-Appellee.                            :


D E C I S I O N

Rendered on December 21, 2023


**On brief:** *Dinsmore & Shohl, LLP, Eric J. Plinke, Daniel S. Zinsmaster*, and *Heidi W. Dorn*, for appellant. **Argued:** *Heidi W. Dorn.*

**On brief:** *Dave Yost*, Attorney General, *Melinda R. Snyder*, and *Kyle C. Wilcox*, for appellee. **Argued:** *Melinda R. Snyder.*


APPEAL from the Franklin County Court of Common Pleas

LELAND, J.

{¶ 1} Appellant, Tim R. Valko, M.D., appeals from a decision of the Franklin County Court of Common Pleas affirming an order of appellee, State Medical Board of Ohio ("board"), permanently revoking appellant's license to practice medicine and surgery.

## I. Facts and Procedural History

{¶ 2} Appellant has been a physician licensed to practice medicine and surgery in Ohio since 1989. Since 2004, appellant has owned a private psychiatry practice, Valko & Associates, that specializes in child and adolescent psychiatry. Appellant was the only physician among the practice's 29 employees. Though once certified in both adult psychiatry and child and adolescent psychiatry, appellant has since allowed his

certifications to lapse. He has not been certified in child and adolescent psychiatry since December 2015. Valko & Associates treated thousands of patients each year, with appellant personally seeing about 30 patients a day. Appellant testified he treated many conditions in his practice, including severe attention deficit hyperactivity disorder, obsessive compulsive disorder, Tourette syndrome, disruptive mood disorders, and autism.

{¶ 3} On July 12, 2017, the board notified appellant of its intent to determine whether to "limit, revoke, permanently revoke, suspend, refuse to register or reinstate [his] certificate to practice medicine and surgery, or to reprimand" appellant for alleged violations of R.C. 4731.22(B)(2). The board claimed appellant failed "to maintain minimal standards applicable to the selection or administration of drugs" and failed "to employ acceptable scientific methods in the selection of drugs or other modalities for treatment of disease." R.C. 4731.22(B)(2). Specifically, the board stated appellant "prescribed excessively high doses of medications" to 15 patients between January 2005 and August 2016. (July 12, 2017 Board Letter at 1.) On August 4, 2017, appellant filed a written request for a hearing.

{¶ 4} On September 24 through 27, 2018, the board held an administrative hearing on the matter. Appellant testified in his own defense. The state's expert witness was Dr. Drew H. Barzman, a doctor licensed to practice medicine in Ohio with certifications in psychiatry, forensic psychiatry, and child and adolescent psychiatry. The hearing examiner took extensive evidence pertaining to appellant's treatment of the 15 patients in question. Following the hearing, the hearing examiner issued a written report and recommendation to the board on February 12, 2020, recommending appellant's medical license be suspended for an indefinite period of time. The hearing examiner further recommended the board issue a $2,500 fine and impose certain conditions prior to the reinstatement or restoration of appellant's medical license.

{¶ 5} The board met on March 11, 2020 to consider the hearing examiner's report and recommendation in appellant's case. Dr. Michael Schottenstein, the board's president and practicing child psychiatrist, opined appellant's "prescribing was grossly negligent and fell below the minimal standards of care." (Report & Recommendation at 2.) He further stated "the average, reasonable psychiatrist would react to this amount of prescribing with

incredulity and a feeling of fear for the welfare of the patients." (Report & Recommendation at 3.) In his more than 20 years of experience practicing child psychiatry, Dr. Schottenstein told the board "he has never seen anything like the prescribing in this case." (Report & Recommendation at 3.) Quoting from one of the patient's medical records in which the patient's mother reported the pharmacy refused to fill a prescription written by appellant because the pharmacist felt the amount was "lethal," Dr. Schottenstein commented "if he ever received a call like that, it would scare him and he would call the pharmacist to learn what had so concerned the pharmacist, and he would then rethink his prescribing." (Report & Recommendation at 5.) Appellant, meanwhile, received such a call "about once a year," and he would typically advise "the patient to fill the prescription at another pharmacy." (Report & Recommendation at 5.) Another board member, a pharmacist, described "the doses of medication in this case to be eye-popping, especially in children." (Report & Recommendation at 7.) A different board member voiced concern "about [appellant's] lack of willingness to accept responsibility." (Report & Recommendation at 8.) The board concluded the proposed order "did not go far enough," and, accordingly, voted to amend the proposed order to permanently revoke appellant's medical license. (Report & Recommendation at 7.) The board then issued an entry of order permanently revoking appellant's license to practice medicine and surgery in Ohio.

{¶ 6} Appellant appealed the board's order revoking his license to the trial court pursuant to R.C. 119.12. On November 9, 2022, the trial court affirmed the board's order. Appellant timely appeals.

## II. Assignment of Error

{¶ 7} Appellant presents the following sole assignment of error for our review:

> The trial court erred as a matter of law in upholding the [b]oard's order because it violates due process by relying upon the testimony of an individual board member who was never identified or qualified as an expert.

## III. Analysis

{¶ 8} In an administrative appeal, the trial court considers the entire record to determine whether an order is "supported by reliable, probative, and substantial evidence and is in accordance with law." R.C. 119.12(N). "In applying this standard, the court must

'give due deference to the administrative resolution of evidentiary conflicts.' " *Nucklos v. State Med. Bd. of Ohio*, 10th Dist. No. 09AP-406, 2010-Ohio-2973, ¶ 5, quoting *Univ. of Cincinnati v. Conrad*, 63 Ohio St.2d 108, 111 (1980).

{¶ 9} Appellant's sole assignment of error does not challenge the trial court's finding that the board's order was supported by reliable, probative, and substantial evidence. Instead, appellant presents a legal question, arguing the trial court erred in finding the board's order was in accordance with the law. In making this legal determination, our review is plenary. *Nucklos* at ¶ 7, citing *McGee v. Ohio State Bd. of Psychology*, 82 Ohio App.3d 301, 305 (10th Dist.1993), and *Univ. Hosp., Univ. of Cincinnati College of Medicine v. State Emp. Relations Bd.*, 63 Ohio St.3d 339, 343 (1992).

{¶ 10} In contending the trial court erred by finding the board's order was in accordance with the law, appellant posits the order relied on the purported testimony of a board member, Dr. Schottenstein, who was not qualified to serve as an expert witness. For support, appellant cites Ohio Adm.Code 4731-13-23, which prohibits board members from serving as expert witnesses. Appellant claims he was denied due process for lack of an opportunity to respond to Dr. Schottenstein's alleged testimony.

{¶ 11} Appellant is correct insofar as Ohio Adm.Code 4731-13-23 prohibits board members from serving as expert witnesses. However, appellant fails to explain how the board's deliberations in this case amounted to expert testimony.

{¶ 12} "[T]he board is comprised of individuals who are trained medical professionals," and for that reason, "the board may rely on its own expertise to determine whether a physician failed to conform to minimum standards of care." *Demint v. State Med. Bd. of Ohio*, 10th Dist. No. 15AP-456, 2016-Ohio-3531, ¶ 18, citing *Arlen v. State Med. Bd.*, 61 Ohio St.2d 168, 174 (1980). The board "is capable of interpreting technical requirements of the medical field and is quite capable of determining when certain conduct falls below a reasonable standard of medical care." *Arlen* at 173. "[T]he need for expert opinion testimony is negated where the trier of facts, such as in the instant cause, is possessed of appropriate expertise and is capable of drawing its own conclusions and inferences." *Id.* The General Assembly created "administrative hearings in particular fields" to enable "boards or commissions composed of [people] equipped with the necessary

knowledge and experience pertaining to a particular field" to resolve matters concerning "a profession's technical and ethical requirements." (Internal quotations omitted.) *T.E. v. State Med. Bd.*, 10th Dist. No. 21AP-142, 2022-Ohio-1471, ¶ 34, quoting *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 622 (1993), quoting *Arlen* at 173, quoting *Farrand v. State Med. Bd. of Ohio*, 151 Ohio St. 222, 224 (1949). Generally, then, board members may utilize their own expertise in conducting administrative disciplinary proceedings.

{¶ 13} By statute, eight members of the board are physicians licensed to practice medicine in Ohio. R.C. 4731.01. At the time he discussed appellant's case in the board meeting, Dr. Schottenstein was both president of the board and a practicing child psychiatrist with over 20 years of experience. "In a broad variety of circumstances, the board, and courts reviewing board administrative actions, may appropriately rely on the [b]oard's own knowledge involving medical questions." (Internal quotations omitted.) *T.E.* at ¶ 35, quoting *Flynn v. State Med. Bd. of Ohio*, 10th Dist. No. 16AP-29, 2016-Ohio-5903, ¶ 39, quoting *Walker v. State Med. Bd. of Ohio*, 10th Dist. No. 01AP-791 (Feb. 21, 2002). The present case is one of those circumstances where the board may draw upon its own expertise in issuing an order. The board is permitted, and indeed expected, to deliberate and discuss the evidence before it. Such deliberation is readily discernable from the act of providing expert testimony and, in this case, we find the board appropriately carried out its duties. Furthermore, because the board members did not act as expert witnesses as alleged by appellant, there was no due process violation. The board's order was therefore in accordance with the law.

{¶ 14} Lastly, appellant takes umbrage at the board's adoption of a penalty that was more stringent than that recommended by the expert witness. We note, however, "the board is not required to reach the same conclusion as the expert witness. The weight to be given to such expert opinion testimony depends upon the board's estimate as to the propriety and reasonableness, but such testimony is not binding upon such an experienced and professional board." *Arlen* at 174. Because the board's order was in accordance with the law, the trial court did not err in affirming the order permanently revoking appellant's medical license.

{¶ 15} Accordingly, we overrule appellant's sole assignment of error.

## IV. Conclusion

{¶ 16} Having overruled appellant's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BEATTY BLUNT, P.J., and JAMISON, J., concur.

————————————